Mann, Judge, etc. vs. Everts and others.

MANN, Judge, etc., Respondent, vs. EVERTS and others, Appellants.

*October 16 — November 3, 1885.*

ESTATES OF DECEDENTS. *(1)* Contingent claim when not barred: Action against heirs, etc. *(2)* Extent of liability of sureties on bond given on sale of land by administrator.

1. A contingent claim against the estate of a decedent, which does not accrue and cannot be proven until after the administration is closed and the estate distributed, is not barred because not presented to the probate court for allowance. When such a claim becomes absolute the holder thereof may maintain an action against the heirs, devisees, etc., under ch. 141, R. S.
2. The sureties on a bond given by an administrator on obtaining license to sell real estate, are liable for the amount of the proceeds of the sale unaccounted for by the administrator and for the costs necessarily resulting from the proceedings to compel him to account therefor, but not for the amount paid for counsel fees in such proceedings.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was brought in the name of the county judge of Milwaukee county against the heirs of one Charles P. Everts upon a bond given by Maurice Fitzgerald, as administrator *de bonis non* of the estate of John Fitzgerald, upon obtaining license to sell land. The said Charles P. Everts was one of the sureties upon the bond. The facts are sufficiently stated in the opinion. See, also, the case of *Estate of Fitzgerald*, 57 Wis. 508.

The circuit court rendered judgment in favor of the plaintiff for the sum of $1,363.18, with interest from September 15, 1883, being the amount of the proceeds of the sale of the land not accounted for by said Maurice Fitzgerald; also for the sum of $123.21, with interest from July 21, 1883, being the costs in the supreme court in the case of *Estate of Fitzgerald, supra*, and the sum of $50, with interest from September 15, 1883, being the costs in the circuit

court in that case; also for the sum of $450, counsel fees expended by the heirs of John Fitzgerald in and about the prosecution of the administrator *de bonis non* to compel him to account, and in and about the accounting — making in all the sum of $2,152.89. The defendants appealed.

*Joshua Stark*, for the appellants, contended, *inter alia*, that the plaintiff was not entitled to judgment in this action for any of the costs adjudged to be paid by the administrator to the heirs in the matter of the estate of John Fitzgerald, nor for the expenses incurred by the heirs of John Fitzgerald for the services of counsel employed to prosecute the administrator. Such counsel fees are not taxable as costs, and could not be charged to the administrator as damages for failure to perform his duties as such. Nor can they be charged to his sureties, whose liability is limited to the strict letter of the bond. 2 Sutherland on Damages, 548; 1 id. 134; *Oelrichs v. Spain*, 15 Wall. 211; *Ohio v. Cutting*, 2 Ohio St. 1; *State v. Medary*, 17 Ohio, 565; *McGovney v. State*, 20 id. 97; *U. S. v. Boyd*, 15 Pet. 208; *Miller v. Stewart*, 9 Wheat. 702; Brandt on Suretyship, sec. 107; *Fairbanks v. Witter*, 18 Wis. 287; 1 Sedgw. on Damages (7th ed.), note, 173–180; Mayne on Damages (4th ed.), 90.

For the respondent there was a brief by *E. Mariner* and *Frank M. Hoyt*, and oral argument by *Mr. Hoyt*. To the point that the costs adjudged and the counsel fees paid in the proceeding to compel the administrator to account, were damages occasioned by the administrator's neglect, and hence recoverable in this action, they cited 1 Sutherland on Damages, 141; *Corcoran v. Judson*, 24 N. Y. 106; *Andrews v. Glenville Woolen Co.* 50 id. 282; *Rose v. Post*, 56 id. 603; *Gear v. Shaw*, 1 Pin. 608; *Meshke v. Van Doren*, 16 Wis. 319; *Bonesteel v. Bonesteel*, 30 id. 511.[1]

---

[1] See also *Cook v. Chapman* (New Jersey Chancery, Jan. 11, 1886), 2 Atl. Rep. 286, 33 Alb. L. J. 163.—REP.

COLE, C. J.    In this case the learned circuit court decided that this action against the heirs of Charles P. Everts was not barred by the proceedings in the county court for the settlement and distribution of the estate of said Everts according to law.    The correctness of this decision is the main question to be considered on this appeal.    In addition to the facts stated when this case was here on a former appeal (see *Estate of Fitzgerald*, 57 Wis. 508), we may add that Charles P. Everts was one of the sureties on the bond given by Maurice Fitzgerald on obtaining a license to sell the real estate of his intestate.    The bond was conditioned that the administrator would justly and truly account for all the proceeds of the sale of such real estate, and dispose of the same according to law, and perform all orders and decrees of the county court by him to be performed in the premises.    In November, 1879, Maurice Fitzgerald was cited to render his account as administrator, and the items of that account was the matter considered on the other appeal.    This court decided that there remained in the hands of the administrator, unaccounted for, a larger sum than was found by the circuit court.    It therefore reversed the judgment of that court, and remitted the cause for the entry of a judgment for the proper amount.    In conformity to this direction the county court in probate, to which the cause had been remitted by the circuit court, in September, 1883, rendered judgment against the administrator for $1,363.18, the amount of the proceeds of the sale still in his hands, with interest thereon from September 15, 1883.    The administrator was ordered to pay this amount over to the heirs of John Fitzgerald, or to the persons named, which he neglected to do.    This action was then brought under the statute against the heirs of Everts to enforce the liability arising on this bond above named.    It appears that Everts died in 1871, while an inhabitant of Milwaukee county.    An administrator was appointed to settle his estate.    The

county court made an order in April, 1873, allowing cred-
itors four months to present their claims against said estate.
No claim, contingent or otherwise, was ever presented for
allowance on account of any liability upon the bond.  In
December, 1873, a final decree was entered by the county
court settling the matter of the Everts estate, and distrib-
uting the property, both real and personal, to the persons
entitled by law to the same.

These are all the facts necessary to be stated in order to
understand the position of counsel in the case.  On the
part of the heirs of the Everts estate it is insisted that all
claim or liability against that estate arising upon this bond
is barred, because no attempt was ever made to present or
to prove it against the estate within the time limited for the
presentation of claims, nor within one year after the claim
accrued or became absolute.  The provisions of ch. 101, 2
Tay. Stats., as amended by ch. 73, Laws of 1873, it is in-
sisted, sustain this position.  The sections more especially
relied upon are 14, 47, 48, 49, 51, 52, and 55.  From these
and other provisions of the statutes the learned counsel
contends that the county courts are the sole tribunals for
the adjustment of all claims against the estates of deceased
persons, whether such claims are absolute or contingent;
and that where administration has been had upon an estate,
and notice and opportunity given for creditors to present
their claims for allowance, they must do so within the time
limited, or their claims will be barred.  This is undoubtedly
correct as to all claims proper to be allowed by the commis-
sioners.  Sec. 14 expressly declares that unless the creditor
shall exhibit his claim within the time limited for that pur-
pose, it shall be forever barred.  Sec. 3844, R. S. 1878.  The
other sections referred to by counsel relate to the allowance
of a certain class of contingent claims.  Where a person is
liable as security for the deceased, or has any other contin-
gent claim against his estate which cannot be proven as a

debt before the commissioners or allowed by them, the same may be presented, with the proper proof, to the judge of the county court or to the commissioners, who shall state the same in their report when it is presented to them. If the court shall be satisfied by the proof exhibited of the justness of the claim, it may order the executor or administrator to retain in his hands sufficient estate to pay such contingent claim when it becomes absolute. Secs. 47, 48; sec. 3858, R. S. 1878. Sec. 49 provides if a contingent claim becomes absolute, and shall be presented to the judge of the county court or to the executor or administrator at any time within two years from the time limited for other creditors to present their claims to commissioners, it may be allowed by the judge, upon due proof, or may be proven before the commissioners already appointed, or before others to be appointed for the purpose, in the same manner as if presented for allowance before the commissioners had made their report. Sec. 3859, R. S. 1878. Sec. 51 provides if the claim shall accrue or become absolute at any time after the period limited for creditors to present their claims, the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute; and, when established in the manner prescribed, the executor or administrator is required to pay the same, if he have sufficient assets for that purpose, or is required to pay such part as he shall have assets to pay. Sec. 3860, R. S. 1878. By the next section, when a claim shall be presented within one year from the time it shall accrue, and be established, and the executor or administrator shall not have sufficient to pay the whole of the claim, the creditor has the right to recover such part of the claim as the executor or administrator has not assets to pay, against the heirs, devisees, or legatees who have received sufficient real or personal property from the estate to pay the same. Sec. 3861, R. S. 1878.

It seems to us obvious, from the language of these provisions, that the contingent claim referred to is one which accrues and becomes absolute before the administration upon the estate is closed, and before a decree of distribution of the estate has been made by the county court. We do not think they were intended to or do apply to a contingent claim like the present, which did not accrue and which was incapable of being established by proof until years after the estate of Everts had been fully administered. The breach of the bond did not occur until nearly ten years after that time. The very existence of any future liability of that estate was uncertain, depending upon the contingency of Maurice Fitzgerald's performing the condition of his bond. If he should faithfully perform that condition the Everts estate would have to answer for no breach. But if the administrator failed to perform, what damages would result from the breach, and how could they be ascertained? Suppose the breach were one which would furnish a claim for nominal damages only, or for a portion of the penal sum. Is it not apparent that in 1873 it was utterly impossible for the Fitzgerald heirs to prove any contingent liability or claim against the Everts estate? According to our view the statute refers to a contingent claim or liability which can be established by proof, and the amount ascertained. Where a contingent liability exists, and the contingency happens so that the contingent liability becomes an absolute debt which may be proven by the creditor before the settlement of the estate has been closed and the property distributed, there the statute bars the claim if not presented to the commissioners or the county court within the time allowed. All that can be said in this case is that in 1873 there was an outstanding unbroken bond, on which the Everts estate stood as surety, conditioned for the performance of duties created by law by an administrator who, so far as appears, was then able to perform all his duties. Of course, it was

then impossible to fix any liability upon the estate unless the whole amount of the penal sum should be assumed as the debt or claim which the estate would have to pay. This bond was an obligation of a peculiar character, given by the administrator to the county judge as security for the faithful performance of a trust or legal duty. Such an obligation cannot be considered as a debt either *in præsenti* or *in futuro*. It may, in case of a breach, be the foundation of a debt or liability, but a claim arising from it in the nature of a debt will arise from the breach and not from the mere existence of the obligation. *Loring v. Kendall,* 1 Gray, 305; *French v. Morse,* 2 Gray, 111; *Woodard v. Herbert,* 24 Me. 358; *Ellis v. Ham,* 28 Me. 385; *Dole v. Warren,* 32 Me. 94.

It is true, these cases arose under the bankrupt law, but they illustrate the principle as to what is deemed a contingent claim or liability provable against the bankrupt. In this case the actual breach of the condition of the bond did not occur until nearly ten years after the settlement of the Everts estate, and long after the jurisdiction of the county court over that estate had been exhausted. The statute provides no way for the county court reinvesting itself with that jurisdiction for the purpose of adjusting the claim against it. So, under the circumstances, there was no remedy in that court. The creditor was put to his action under ch. 141, R. S. 1878, which substantially includes secs. 55, 58, 60, ch. 101, Tay. Stats. See Reviser's Notes, p. 236. The statutes of Minnesota in regard to the settlement of estates, and allowance of contingent claims against them, are essentially the same as our own. In *McKeen v. Waldron,* 25 Minn. 466, is a well-considered opinion delivered by GILFILLAN, C. J., in which it is in effect held that "a contingent claim against the estate of a deceased person, which does not become absolute within the time limited for creditors to prove their claims before com-

missioners, is not barred by not being presented to the commissioners or to the probate court; but the holder of such claim may, after it becomes absolute, maintain an action against the heirs, devisees, next of kin, or legatees to whom the estate has been distributed, to recover such claim to the extent of the estate so distributed." The decision, we think, is sound, and strictly in point in this case.

It is. unnecessary to say that the case of *Ernst v. Nau*, 63 Wis. 134, is not in conflict with these views. There the condition of the bond was broken, and the amount of the liability ascertained, before the surety, Nau, died. The liability was a fixed and absolute one, and the claim against his estate for contribution might have been presented and proven within the time limited for the presentation of claims against it. Not having been presented, it was held that the statute barred it. But the administration upon that estate was not closed and the property distributed before the liability was fixed, as in the case before us.

It follows from these views that the plaintiff's right of recovery is not barred by the proceedings taken in the Everts estate.

The next question is as to the extent of this liability. Of course the plaintiff is entitled to recover the amount of the proceeds of the sale, viz., $1,363.18, unaccounted for by the administrator, with interest from September 15, 1883. We think he is entitled to recover the costs awarded in this court and in the circuit court, necessarily resulting from the action to enforce the claim of the heirs against the administrator. These costs are fairly chargeable to the surety upon his undertaking by reason of the default of the principal in the bond. Beyond this, the estate of the surety or the defendants are not liable. The circuit court held that the plaintiff was entitled to recover the sum of $450 counsel fees, expended by the Fitzgerald heirs in compelling the administrator to account, and in and about the accounting.

We do not think such counsel fees are covered by the obligation of the surety on this bond; therefore they should not be recovered. This is not a bond of indemnity to pay all damages which may result from the default of the administrator.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded to enter a judgment in accordance with this opinion.