LOGAN and others, Respondents, vs. DIXON and others, Appellants.

*February 1 — February 19, 1889.*

*Partnership: Estates of decedents: Claim for contribution: Limitation: Appeal.*

1. The claim of surviving partners against the estate of a deceased partner for contribution for losses sustained by the firm is a contingent claim which does not become absolute until the business of the firm is settled, the assets converted, and the debts paid, and which (under sec. 3860, R. S.) need not be presented for allowance until it so becomes absolute. If, before such claim becomes absolute, the estate of the deceased partner has been settled and the assets distributed, the claim is not barred by sec. 3844, R. S., but the surviving partners may pursue their remedy against the heirs and distributees under ch. 141, R. S.

2. To establish a claim for contribution from the estate of a deceased partner, the state of the accounts of the several partners with the firm should be shown, as well as the fact that upon the closing up of the business there were losses which were paid by the surviving partners out of moneys not belonging to the firm. But where, in an action to enforce such contribution, it was admitted in the pleadings that each partner had an equal interest in the business, and the trial proceeded throughout on the implied understanding that neither partner had contributed more than his share to the capital stock and that if there were any losses upon the closing up of the business each was liable to contribute equally to pay the same, and the trial court was not requested to take proofs or make findings on that subject, and on appeal it is not claimed that the appellants would be in any way benefited by the taking of an account to show the *status* of each partner with the firm, a judgment rendered on the theory of the equal liability of the partners will not be reversed for the want of a formal finding on that subject.

APPEAL from the Circuit Court for *Waupaca* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The material facts in this case are the following:

*First.* In January, 1877, one H. S. Dixon, then living,

and the plaintiffs, entered into a copartnership under the firm name and style of the New London Stave Company. That said copartnership was composed of the following named firms and persons, to wit, the firm of Logan & Co., composed of the plaintiffs *Thomas Logan* and *G. W. Spaulding;* the firm of Dickinson & Frayser, composed of the plaintiffs *C. E. Dickinson* and *Anthony Frayser;* and the other plaintiffs, *H. H. Paige, James Stimpson,* and *W. A. Sterling,* and the said H. S. Dixon, now deceased. That said firm of Logan & Co. composed one member of the firm called the "New London Stave Company," the firm of Dickinson & Frayser one member of said firm, and the said *Paige, Stimpson, Sterling,* and Dixon composed the other members of the New London Stave Company, each of said partners having an equal share in said business, and being entitled to an equal division of the profits, and equally accountable for the losses of said partnership.

*Second.* That the New London Stave Company continued to do business as a partnership composed of the members aforesaid until the 29th of April, 1881, when the copartnership was dissolved by the death of said H. S. Dixon.

*Third.* That said Dixon died intestate on said 29th day of April, 1881, in the county of Waupaca, and that on the petition of *Alice Dixon,* widow of said deceased, letters of administration on the estate of said Dixon were duly issued to one Parley Dickinson, on the 6th day of June, 1881.

*Fourth.* That at the time of his death the said Dixon left a widow, *Alice Dixon,* and four children, *Charles L. Dixon, Albert E. Dixon, Susan Dixon,* and *Fred Dixon,* who were the sole heirs of the said H. S. Dixon.

*Fifth.* That said Parley Dickinson duly qualified as such administrator, and afterwards such proceedings were had in said county court of Waupaca county that on the 22d day of May, 1882, a judgment or decree of said county court was made whereby all the estate of the said H. S.

Dixon, deceased, was distributed to the said defendants in this action as the next of kin and heirs at law of said H. S. Dixon, deceased, each receiving one fifth part thereof; and that the amount of personal property belonging to the estate of said Dixon so distributed to said widow, heirs, and next of kin amounted to the sum of $12,000 besides certain real estate described in the complaint herein.

*Sixth.* That the said plaintiffs, as the surviving partners of the firm known as the New London Stave Company, after the death of said H. S. Dixon, proceeded to close up the business of said firm; and that on or about the 15th day of October, 1885, the business of said firm was finally closed up and settled, and the debts of the same paid in full by said surviving partners; and that upon such settlement of the affairs of said firm the said surviving partners were compelled to pay, and did pay, to the creditors of said firm, who were such at the time of the death of the said H. S. Dixon, about the sum of $13,481.25 over and above the assets then belonging to the said firm.

All these facts were admitted by the answer, except the alleged facts stated as *sixth* in the above statement. Upon the trial, and, as we think, upon sufficient evidence, the court found the facts in favor of the plaintiffs substantially as stated in said sixth item above. This action was brought by the plaintiffs to recover of the distributees of the estate of said H. S. Dixon, deceased, the one-sixth part of the said sum of $13,481.25, under the provisions of secs. 3274–3286, R. S. There is no claim made but that the facts stated in the complaint in this action made out a good cause of action against said distributees of the estate of said H. S. Dixon, deceased, unless the claim of the plaintiffs was barred by sec. 3844, R. S.

Upon the trial in the court below judgment was rendered in favor of the plaintiffs against each of said defendants for the sum of $390.94 damages, and $57.83 costs; in all, the

sum of $448.77. From this judgment the defendants appeal to this court.

For the appellants there was a brief signed by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

For the respondents there was a brief signed by *Gary & Forward,* of counsel, and oral argument by *George Gary.*

TAYLOR, J. Upon this appeal it is contended by the learned counsel for the appellants (1) that the claim of the surviving partners, if they have any, against the estate of the deceased partner, was a proper one to be presented to the county court for allowance in the settlement of the estate of the said H. S. Dixon, deceased, and, not having been presented to said court within the time limited by law, their right of action is barred; (2) that the circuit court has no jurisdiction of this action; (3) that the findings should have stated an account between each member of the firm, before it can be ascertained or adjudged how much the defendants ought to pay.

The learned circuit judge held that the first objection of the appellants was not well taken, because the county court had not made the proper order or given the proper notice to the creditors of H. S. Dixon, deceased, to present their claims for allowance, and so the statute relied upon was no bar to the plaintiff's action. Whether the learned circuit judge decided this question rightly, or not, we do not deem it necessary to determine on this appeal, as we are of the opinion that the plaintiffs could maintain their action if the county court had made the proper order and given the proper notices for limiting the time within which claims should be presented to said court against the estate.

It is very clear to our minds that the claim of the plaintiffs against the estate of H. S. Dixon, for contribution for the payment of the debts of said partnership, was a contingent claim of the surviving partners against said estate, and

that such claim did not become absolute in favor of said survivors until they had settled and paid all the debts of said firm, and applied all the assets of said firm to the payment thereof; and if such contingent claim was one which might have been presented to the county court for adjustment (a question which we do not decide), still the plaintiffs were not bound under the law to present the same until it became absolute and ascertained by the settlement and payment of the debts and liabilities of said firm and the application of the assets of the firm to that purpose. The law is very plain that the surviving partners must wind up the affairs of the partnership. This proposition is not controverted. Pars. Partn. (3d ed.), 440; *Peters v. Davis*, 7 Mass. 257; *Evans v. Evans*, 9 Paige, 178; *Dyer v. Clark*, 5 Met. 562; *Miller v. Jones*, 39 Ill. 54; *Gleason v. White*, 34 Cal. 258. Until the affairs of the firm are wound up and all the debts paid, "neither partner has any remedy against or liability to the other for payment from one to the other of what may have been advanced or received" in said business. *Richardson v. Bank of England*, 4 Mylne & C. 172; *West v. Skip*, 1 Ves. Sr. 242; *Howard v. Priest*, 5 Met. 585. The representative of a deceased partner may, however, upon a proper showing apply to a court of equity for the appointment of a receiver and the settlement of the partnership business in that way. *Evans v. Evans*, 9 Paige, 178, 180; Pars. Partn. (3d ed.), 446. After the affairs of the partnership are closed up and all the debts paid, if there be a balance of assets they must be divided among the partners according to their respective interests in the partnership; and if the firm is insolvent, and some of the partners have paid more than their proportionate share towards the discharge of such debts, they may maintain an action for contribution against those members of the firm who have not paid their just proportion of such debts. *Gleason v. White*, 34 Cal. 258; 3 Pom. Eq. Jur. sec. 1416.

Under the foregoing rules of law applicable to the rights and liabilities of partners as between themselves, it is very clear that the surviving partners could not maintain any action or proceeding against the representative of the deceased partner for contribution for the losses sustained by the firm until after the business of the firm had been wound up and settled by the survivors, and, until that was done, their claim against the estate of the deceased partner was a purely contingent claim, not clearly ascertainable until the business of the firm was wound up and fully settled. The surviving partners hold the property of the firm in the character of trustees, for the settlement and payment of the debts of the firm, and for the purpose of distributing the surplus, if there be any, to the several members of the firm, and to the representative of the deceased member. Pars. Partn. (3d ed.), 443, and notes. If the firm be insolvent, the survivors assume the character of sureties for the deceased partner, if the creditors of the firm elect to proceed against them to collect their claims due from the partnership, and in the character of sureties for the deceased partner they can maintain no action against the estate of the deceased partner until they pay the debt of the firm. In any view of the case, the claim of the surviving partners against the estate of the deceased partner for contribution is a contingent claim within the meaning of the statute, and became absolute only when the business of the firm was finally settled, the assets converted, and the debts paid. This, we think, was fairly settled by this court in the case of *Ernst v. Nau*, 63 Wis. 134.

Having satisfactorily shown that the claim of the plaintiffs was a contingent claim against the estate of the deceased partner, the plaintiffs had an option either to present the claim against the estate as a contingent claim, under secs. 3858, 3859, R. S., or to delay until the claim became absolute by the settlement of the affairs of the firm, and then

present the claim under sec. 3860, R. S., within one year after it shall become absolute. When a creditor presents a claim under sec. 3860, he can only be paid out of the assets of the deceased still remaining in the hands of the executor or administrator not then lawfully distributed or applied to the payment of other debts theretofore presented and allowed against the estate; and sec. 3861 provides that when, at the time such claim is presented under the provisions of sec. 3860, the executor or administrator shall not have sufficient assets to pay the whole of such claim, the creditor shall have the right to recover such part of his claim as there are not assets in the hands of the executor or administrator to pay, from the heirs, devisees, or legatees who shall have received sufficient real and personal property from the estate that was liable for the payment of the debts of the deceased.

The allegations in the complaint in this case show that the administrator of the estate of H. S. Dixon, under an order and decree of said county court of Waupaca county, duly settled his accounts as such administrator on the 22d day of May, 1882, and distributed to the widow and heirs at law of deceased all of said estate, and that the amount of the estate so distributed by order of said court was over $12,000, and that on the same day said administrator was discharged; and it is further alleged that said administrator has not now, and has not had since the date of said decree distributing said estate, any assets, estate, money, or property belonging to the said estate of said H. S. Dixon. These allegations are not denied in the answer. The complaint also alleges that the plaintiffs, as surviving partners of the said firm, fully completed the settlement of the affairs of the said copartnership on or about the 15th day of May, 1885, and that the claim of the plaintiffs against said H. S. Dixon, deceased, became absolute on that day. These allegations of the complaint are not denied by the answer, al-

though the answer denies that they proceeded with due diligence to settle the affairs of said partnership; and there are other denials as to the amount of the debts owing by the firm, and the amount of debts paid by the surviving partners in the settlement of the business of said partnership. This action was commenced in November, 1885.

Holding, as we do, that the claim of the plaintiffs against the estate of H. S. Dixon was a contingent claim which could not have been adjusted or allowed by the county court until the surviving partners had settled and wound up the business of the firm, and which did not become absolute before the estate of Dixon had been settled and the assets distributed to the heirs and widow, it was not barred by sec. 3844, R. S., and the plaintiffs could properly pursue their remedy against the heirs and distributees of said deceased, under the provisions of ch. 141, R. S. This question was fully considered by this court in *Mann v. Everts*, 64 Wis. 372. In that case the chief justice says: "According to our view, the statute refers to a contingent claim or liability which can be established by proof, and the amount ascertained. Where a contingent liability exists, and the contingency happens so that the contingent liability becomes an absolute debt which may be proven by the creditor before the settlement of the estate has been closed and the property distributed, there the statute bars the claim if not presented to the commissioners or the county court within the time allowed." See, also, *Webster v. Estate of Lawson*, post, p. 561, in which an opinion is now filed; *McKeen v. Waldron*, 25 Minn. 466.

No argument has been made on the part of the appellants that the evidence does not support the findings of fact so far as such findings relate to the amount of losses which were sustained by the said New London Stave Company in carrying on and closing up said business. We must therefore consider that such findings are supported by the

Logan and others vs. Dixon and others.

evidence. But it is insisted by the learned counsel for the appellant that it does not follow that because the losses were in fact the sum of about $12,000 the estate of the said deceased partner is liable to contribute to the amount of one sixth part of said losses, and that to determine the question as to how much each partner should pay of said losses an account of the partnership business must be stated as between the several partners, showing the state of the account of each several partner with the firm. It is insisted that upon such an accounting it might appear that the partnership was indebted to the estate of the deceased partner in a sum sufficient to balance the one-sixth part of said losses, and that in such case the estate of said deceased partner could not be compelled to contribute to the other partners for the amount of the losses of the firm. There is no doubt that, in order to make out a case for contribution from the estate of a deceased partner, the state of the accounts of the several partners with the firm ought to be shown, as well as the fact that there were losses incurred on the closing up of the whole business which were paid by the surviving partners out of the money not the property of the firm. This case, we think, proceeded upon the theory that there were six equal partners composing the firm. In fact, this is alleged in the complaint and admitted by the answer of the defendants. We think the trial proceeded also upon an implied understanding that neither partner had contributed more than his equal share of the capital stock of said firm, and that, if there were any losses upon the closing up of the business of the firm, each was liable to contribute equally in paying such losses. No evidence was given on the trial tending to show that any one partner had contributed more or less than his equal share. No exception was taken to the findings by the appellants because such findings did not show the state of the accounts between the separate partners and the firm, nor was there

any request made to the court, either to take proofs on that question or to make findings in that respect. Nor is it claimed by the learned counsel upon the argument of this appeal that, if such an account were taken, it would be in any way beneficial to their clients. Considering the admissions in the pleadings and the character of the evidence in the case, the want of exceptions to the findings upon the point now raised in this court, and in the absence of any claim even that the appellants would be benefited by such an accounting, we do not think the judgment should be set aside for the want of a formal finding upon a subject which would apparently be of no advantage to the appellants.

*By the Court.*— The judgment of the circuit court is affirmed.