The C. &. J. Michel Brewing Co. vs. The Estate of Wightman.

---

The C. & J. Michel Brewing Company, Respondent, vs. The Estate of Wightman, Appellant.

*November 17 — December 10, 1897.*

*Appeal from county court, sufficiency of bond: Allowance of claims after time limited.*

1. A bond given on an appeal from the disallowance by the county court of a claim against an estate, which is conditioned to "diligently prosecute" the appeal, but omits the words "to effect," used in

The C. & J. Michel Brewing Co. vs. The Estate of Wightman.

sec. 4032, R. S., contains in substance all that the statute requires, and is sufficient to confer upon the circuit court jurisdiction of such appeal.

2. Where the decedent was surety on a bond given by an agent to the plaintiff conditioned for the faithful performance of his contract of agency until his final discharge, and the agent continued in the employment of the plaintiff until after the decedent died and his estate had been settled, and then absconded in default to the plaintiff, *held* that, although parts of plaintiff's claim against the agent might have been deemed due at an earlier date, yet they became merged in the one claim which accrued and matured at the termination of the agency, and the same was a proper claim to be audited and allowed against the decedent's estate, under sec. 3860, R. S., after the time limited for that purpose.

APPEAL from a judgment of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The plaintiff is a corporation engaged in the manufacture and sale of beer. In June, 1894, it engaged one Charles Loveless as its agent for the sale of its beer at Elroy, Wisconsin. At the same time, Loveless and one J. G. Wightman, the defendant's decedent, executed a bond to the plaintiff in the penal sum of $500, conditioned for the faithful performance by Loveless of his contract of agency, until his final discharge by the plaintiff. Loveless continued in the agency until March, 1896, when he disappeared, owing the plaintiff $495.72. In the meantime Wightman had died, and his estate had been settled. The time for the presentation of claims against the estate had expired in January, 1896. At that time Loveless was in default to the amount of $625.01. The plaintiff presented no claim at that time against the estate of Wightman. After the termination of the agency by the disappearance of Loveless, and on the 11th day of May, 1896, the plaintiff presented its claim for allowance to the proper county court as a claim which had accrued since the expiration of the time limited for creditors to present claims under R. S. sec. 3860. The county court refused to audit the claim at that time, on the ground that

The C. & J. Michel Brewing Co. vs. The Estate of Wightman.

it had no jurisdiction of the matter, for that the time limited for the presentation of claims had expired. The plaintiff then appealed to the circuit court, where the cause was tried, and judgment for the plaintiff was given. From that judgment the defendant appeals.

For the appellant there was a brief by *J. T. Dithmar*, attorney, and *H. W. Barney*, of counsel, and oral argument by *J. T. Dithmar*. They contended that the appeal bond was insufficient to give jurisdiction to the circuit court, because it omits the essential words "to effect." *Drinkwine v. Eau Claire*, 83 Wis. 428; *Pelton v. Blooming Grove*, 3 id. 310; *Varney v. Caswell*, id. 744; *Thompson v. Thompson*, 24 id. 517; 1 Ency. of Pl. & Pr. 965–967. The claim of plaintiff against the decedent was absolute at his death and might then have been proved. It was not contingent and therefore could not be proved under sec. 3860, R. S., after the time limited. The claim arises from the breach and not from the mere existence of the obligation. *Mann v. Evarts*, 64 Wis. 372; *Loring v. Kendall*, 1 Gray, 305; *French v. Morse*, 2 id. 111; *Woodard v. Herbert*, 24 Me. 358; *Ellis v. Ham*, 28 id. 385; *Dole v. Warren*, 32 id. 94; *John Hancock Mut. L. Ins. Co. v. Hill's Estate*, 108 Mich. 126; *Lytle v. Bond*, 39 Vt. 388; *Austin v. Saveland's Estate*, 77 Wis. 108. There had been a breach of the bond every month, and there was no final settlement. *Blakely v. Smock*, 96 Wis. 611; *Carpenter v. Murphey*, 57 Wis. 541.

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *G. W. Bunge*.

NEWMAN, J. Two grounds are urged for the reversal of the judgment of the trial court: (1) That the trial court had no jurisdiction of the case, because no sufficient undertaking on appeal was given; (2) that the plaintiff's claim was barred by its failure to present it for allowance within the time limited for that purpose.

No doubt the undertaking must comply substantially with the statute, or the appellate court gets no jurisdiction. But a substantial compliance with the statute is sufficient to confer jurisdiction on the appellate court. *Kasson v. Estate of Brocker*, 47 Wis. 79; *West v. Eau Claire*, 89 Wis. 31. The statute (R. S. sec. 4032) requires that, in order that the appeal shall have effect, the party appealing shall file an undertaking "*to the effect* that he will diligently prosecute his appeal *to effect.*" So the question is, not whether the undertaking is in strict, literal compliance with the statute, but whether it is, in substance, to the same effect. The undertaking actually filed was in literal compliance with the statute, except that it omitted the words "to effect." If, by reason of the omission of these words, the undertaking fails to import the substance of all that is intended by the statute, then it is not *to the effect* required, and is insufficient to confer jurisdiction upon the appellate court. If it lacks not, in substance, of the effect intended, it is sufficient. It was said in *Kasson v. Estate of Brocker*, *supra*, that the words "diligently prosecute" " to effect " mean only that he will prosecute the appeal with due diligence to final issue or judgment. With that interpretation of the words of the statute, it is difficult to see wherein the undertaking given in this case fails of the substance required in the statutory undertaking, for diligent prosecution must necessarily bring the appeal to final issue and judgment. So it is considered that the undertaking given, being to the same effect as provided by the statute, was sufficient to confer jurisdiction of the case upon the circuit court.

The bond of the decedent was for the faithful performance of his contract of agency by Loveless until that contract should be terminated. The amount due from Loveless to the plaintiff on that contract at the date of its termination constitutes one indivisible claim or cause of action. It could not be separated so as to be the basis of several

claims or causes of action. It did not accrue in that form before the termination of the agency, nor until after the time limited for the presentation of claims against the estate of Wightman had expired. It was then a claim proper to be audited, under R. S. sec. 3860, after the expiration of that time. It does not seem to be important if parts of this gross claim could have been considered due at an earlier date. The several items or parts have now become merged in the one claim which accrued and matured at the termination of the agency. And this works no detriment to the estate of the decedent, for the accounts of the agency show a larger liability at the time when accounts against the estate were audited than at the end of the agency. In the intervening time payments were in excess of new liability incurred. This operates a relief *pro tanto* of the estate.

*By the Court.*— The judgment of the circuit court is affirmed.