ESTATE OF KLEINSCHMIDT: KLEINSCHMIDT, Respondent, vs. KLEINSCHMIDT and others, Appellants.

*May 2—May 21, 1918.*

*Contracts: Validity: Agreement to pay money for not contesting will: Executors and administrators: Claims against decedent: Filing: Uncertainty as to maturity: Ascertaining present value: Statutes construed: "Accrue or become absolute:" Contingent claims.*

[1. Whether a contract by which, in consideration of one son refraining from contesting his father's will, two other sons agreed to pay him a certain sum after their mother's death, was a valid agreement, is not considered in this case.]

2. A claim based on the written agreement of a decedent to pay a
   certain sum within sixty days after the death of his mother is
   one which will be barred under sec. 3844, Stats., unless pre-
   sented within the time limited for filing claims against the
   estate of such decedent, the only uncertainty being as to the
   time when the obligation will mature.
3. By taking into consideration the mother's expectancy of life,
   "the then present value" of such a claim can be determined
   under secs. 3843, 3871m, Stats., with the same certainty as in
   the case of any other demand "payable at a future day."
4. Such a claim is not one which may be presented under sec. 3860,
   Stats., which provides that if the claim of any person shall "ac-
   crue or become absolute" after the time limited for creditors to
   present their claims, it may be presented and proved at any
   time within one year after it shall accrue or become absolute.
5. Nor is such a claim a contingent claim under secs. 3858, 3859,
   Stats., it being certain to become an actual liability, although
   the exact time when it will become due is uncertain.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Sometime prior to January 14, 1915, one Frederick Klein-
schmidt died testate, leaving among his heirs three sons,
Fred E., Albert H., and Edward Kleinschmidt. By the
terms of his will, which was dated on or about December 14,
1911, his son Edward was bequeathed $5. After the death
of Frederick Kleinschmidt and as his will was about to be
offered for probate, the son Edward, being dissatisfied with
the provisions of the will and threatening to contest the pro-
bate thereof, entered into an agreement with his two brothers
wherein it was agreed that

"in consideration of the said Edward Kleinschmidt re-
fraining from contesting said will, and for the further con-
sideration of one dollar paid by said Edward Kleinschmidt
to Fred E. Kleinschmidt and Albert H. Kleinschmidt, and
each of them, the receipt whereof is hereby acknowledged, said
Fred E. Kleinschmidt and Albert H. Kleinschmidt agree to
pay within sixty days after the death of their mother, Albert-
ina Kleinschmidt, to said Edward Kleinschmidt, each, the
sum of $1,500, or $3,000 in all, said sum not to bear any in-

terest whatever until after the expiration of said sixty days hereinbefore set forth. The above and foregoing, together with a quitclaim deed of certain property situated in South Milwaukee, which has this day been delivered to said Edward Kleinschmidt, he, the said Edward Kleinschmidt, accepts in full of all claims and demands that he now has or that may hereafter accrue to him against his father's estate."

Said agreement was dated January 14, 1915. Albert H. Kleinschmidt died sometime prior to October 25, 1916, and administration of his estate was had in the county court of Milwaukee county. On October 25, 1915, that court made an order fixing the first Tuesday of May, 1916, as the last day on which creditors might file their claims against said estate. The mother died February 12, 1917. On May 5, 1917, Edward Kleinschmidt filed his claim against the estate of Albert H. Kleinschmidt for $1,500, based upon the agreement above mentioned. The county court disallowed the claim. An appeal was taken from such judgment of disallowance to the circuit court for Milwaukee county, where the judgment of the county court was reversed and the claim was allowed. From the judgment of the circuit court for Milwaukee county this appeal was taken by the minor heirs of the said Albert H. Kleinschmidt and his executrix.

The cause was submitted for the appellants on a brief signed by *Otto A. Lemke* of Milwaukee, guardian *ad litem*, and for the respondent on that of *Lawrence Conlan* of Milwaukee.

OWEN, J. The validity of the agreement between the Kleinschmidt brothers, upon which the claim here under consideration is based, has not been questioned. In view of the decision of this court in *Estate of Staab,* 166 Wis. 587, 166 N. W. 326, with reference to agreements between interested parties looking to the suppression of will contests, it would be unfortunate if, by our silence, it might be inferred that the agreement mentioned was regarded as a valid and bind-

ing contract by this court.  Whether it be a valid agreement is not considered, for the reason that the question has not been raised by the parties, and for the further reason that the claim must be disallowed on grounds hereinafter stated. The purpose of this suggestion is merely to prevent any inference, which might be justified by our silence on the subject, that it was lawful and proper for the Kleinschmidt brothers to enter into the arrangement disclosed.

The allowance of the claim is contested by the minor heirs and the executrix on the ground that it should have been presented within the time fixed for the presentation of claims as required by the provisions of secs. 3840 and 3843, Stats., and, not having been presented within such time, was barred by the provisions of sec. 3844, which provides that "Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 3840 and 3840m, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action." The claimant contends that the claim was properly filable under sec. 3860, which provides that any claim *accruing or becoming absolute* after the time limited for creditors to present their claims may be presented to the county court, proved, and allowed at any time within one year after it shall have accrued or become absolute. It will be seen that, under the provisions of sec. 3844, if the claim was a proper one to be filed against the estate within the time fixed for filing claims, it was barred because not so filed.

Sec. 3843 expressly empowers the court to try and decide upon all claims which by law survive against or in favor of executors or administrators and to examine and allow demands "at the then present value thereof," which may be "payable at a future day," and to offset such demands in the same manner in favor of the estate.  In *Austin v. Saveland's*

*Estate,* 77 Wis. 108, 45 N. W. 955, it was held that a joint and several note executed by the decedent, though not payable until after the expiration of the time limited for presenting claims, should have been presented as a claim within that time, and the failure so to present it barred the holder from recovery thereon against the estate. The only difference between the claim here presented and that considered in *Austin v. Saveland, supra,* is this: In that case the debt became due on a day certain in the future. In this case, while the claim is certain to become due, the date of maturity is uncertain. There is no uncertainty here as to the existence of the claim nor the amount thereof. Such facts are as certain as though the liability were created by a promissory note. They are as certain as they were in the *Saveland Case, supra.* That the obligation would become due sometime in the future is also certain under the terms of the agreement upon which the claim here is founded. The $1,500 agreed to be paid by Albert H. Kleinschmidt was to become payable sixty days after the death of the mother. That is an event certain to happen, although the date upon which it will happen is uncertain. We do not think this circumstance removes the claim from those required to be filed within the time limited for filing claims against the estate. This claim could have been dealt with by the county court and the present value thereof determined just as well as though the amount had been made payable at a day certain in the future. Sec. 3871*m* supplies a definite rule for computing the present value of any estate, annuity, or interest of any beneficiary when necessary to be computed in the settlement of estates. We see no reason why this rule could not have been applied in determining the present value of the claim under consideration, and it was in fact suggested by the claimant in a petition filed November 8, 1916, praying for the allowance of this claim. By taking into consideration the mother's expectancy of life, the then present value of the claim could

have been ascertained with the same certainty that any other claim due in the future could have been determined.

This is not a claim falling under the provisions of sec. 3860. While it is neither necessary nor desirable to undertake a definition embracing all the claims falling under that section, the nature of the claims comprehended thereby are well illustrated by the following cases: *Logan v. Dixon,* 73 Wis. 533, 41 N. W. 713; *Webster v. Estate of Lawson,* 73 Wis. 561, 41 N. W. 710; *C. & J. Michel B. Co. v. Estate of Wightman,* 97 Wis. 657, 73 N. W. 316; *Estate of Ryan,* 157 Wis. 576, 147 N. W. 993. A little reflection will suggest other classes of claims which no doubt fall within the provisions of sec. 3860. But a consideration of the cases above cited is sufficient to indicate pretty conclusively that this is not one of them. Neither is this a contingent claim, such as is provided for by secs. 3858 and 3859. A contingent claim exists only where there is uncertainty as to whether it will ever become absolute. It is the uncertainty concerning an eventual actual liability that makes it contingent. A claim which is certain to become an actual liability at some time in the future is not contingent merely because the exact time when it will become due is uncertain. *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88 N. W. 583, and cases there cited.

We must hold that the circuit court was in error in its judgment allowing this claim.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the county court.