ESTATE OF LATHERS: NEW YORK LIFE INSURANCE COMPANY, Appellant, vs. ESTATE OF LATHERS, Respondent.

*November 8, 1933—May 1, 1934.*

For the appellant there were briefs by *H. W. Adams,* attorney, and *G. R. Wearing* of counsel, both of Beloit, and oral argument by *Mr. Adams.*

For the respondent there were briefs by *John B. Clark,* attorney, and *Woolsey, Caskey & Woolsey* of counsel, all of Beloit, and oral argument by *Earl J. Caskey.*

The following opinion was filed December 5, 1933:

OWEN, J. The question involved upon this appeal is whether a certain claim in favor of the New York Life Insurance Company against William J. Lathers was properly filable against his estate after the time fixed for the filing of

claims, on the ground that it was a contingent claim and filable under secs. 313.22 and 313.23, Stats., or a claim which accrued and became absolute after the time limited for creditors to present their claims, and, consequently, filable under sec. 313.24, Stats.

It appears that Matt F. Lathers is a brother of William J. Lathers, deceased. He was president of the Lathers Land Company, a corporation, doing business at Orlando, Florida. That company owned certain real estate upon which the New York Life Insurance Company held a mortgage in excess of $15,000 which became due in July, 1930. The Lathers Land Company was notified by the New York Life Insurance Company that it would expect payment of the mortgage when due. The Lathers Land Company was not in position to make such payment, and Matt F. Lathers sent a call to William J. Lathers, his brother, residing in Beloit, who apparently had provided him with financial assistance in times past, to come to Orlando. William went to Orlando and, after negotiations, signed an agreement by the terms of which, in effect, the Insurance Company granted an extension of the time of payment of said mortgage, in consideration of which the Lathers Land Company, Matt F. Lathers, and William J. Lathers agreed to reduce the mortgage to the principal sum of $14,000, and to pay $1,000 in semiannual payments, commencing January 1, 1931, and the balance of said principal sum on July 1, 1933. This is but the substance of the agreement. Other portions thereof will be referred to as they become material in the consideration of the questions before us.

Subsequently William J. Lathers died, probate proceedings upon his estate were had, and an order duly entered limiting the time for filing claims against his estate to the 13th day of January, 1932. On the 21st day of July, 1932, the New York Life Insurance Company filed a claim, designating the same contingent, against his estate, based upon

the obligations which he assumed by reason of signing the extension agreement before mentioned. The county court disallowed the claim, and the New York Life Insurance Company appeals from the judgment of disallowance.

It will be noticed that the claim was not filed until after the time limited for filing claims against the estate. The first contention made by appellant in favor of its right to file the claim when it did, is based upon a provision of the extension agreement, which states that "the statute of limitations shall not begin to run against said mortgage or deed of trust and said notes or obligations until the end of said extended period." It is contended that by this provision the deceased, when he signed the extension agreement assuming the obligations therein imposed upon him, intended to and did waive the statute of limitations, and that the statute requiring claims to be filed against the estate of a decedent, commonly termed statute of non-claim, is a statute of limitations and was waived by the decedent.

It is a familiar rule that the ordinary statute of limitations may be waived by agreement (17 C. J. p. 723). While the statute of non-claim is in a sense a statute of limitations, the purpose of its enactment is not limited to the purposes sought to be secured by the ordinary statute of limitations. In addition to providing for the repose of individuals against whom fraudulent and stale claims may be prosecuted, which is generally stated to be the object of the ordinary statute of limitations, the statute of non-claim is intended to promote the speedy settlement of estates of deceased persons in the interest of the creditors, heirs, and devisees and to render certain the titles to real estate. *Collamore v. Wilder,* 19 Kan. 67; *Fretwell v. McLemore,* 52 Ala. 124; Introduction to note found in 41 A. L. R. at p. 144. In the *Alabama Case, supra,* it is said:

"There can be but one purpose in these statutory provisions, and that purpose is the speedy administration of

estates: First, for the benefit of creditors, who have the priority of right, and when their claims are satisfied, the payment of legacies, or distribution to the heir or next of kin. When the heir or legatee succeeds to the estate, that it shall be to a title freed from the incumbrance of or liability to debts."

In view of this purpose which is intended to be accomplished by the statute of non-claim, we do not consider it within the power of any one to waive its provisions; otherwise it would be within the power of any one to waive provisions of law intended for the benefit of others.

The claimant sought to introduce parol evidence to show that William J. Lathers signed the extension agreement as a guarantor, and that he did not intend to assume direct or primary liability by reason of his signing of such agreement. It is not disputed that by the terms of the agreement he assumed a primary liability to pay the $1,000 semiannual payments and the remainder of the principal sum on July 1, 1933. It is contended, however, that such was not his contract and that his real contract was one guaranteeing that the Lathers Land Company and Matt F. Lathers, who were the owners of, or those interested in, the land would make such payments. To show this to have been the contract of William J. Lathers, it claimed the right to introduce parol evidence, which was received by the court on the trial, but later held incompetent for the purpose. It is to be noted here that neither William J. Lathers nor his estate is claiming that his contract was not that evidenced by the written agreement. Were the claim here pressed by the Insurance Company put forth by Lathers or his estate, we should have a different question before us, and that question would be whether Lathers, claiming that the written agreement did not faithfully express the contract which he entered with the Insurance Company, could show what the actual contract was by parol evidence. However, as the question is here pre-

sented we have an anomaly. It is the Insurance Company which seeks to show that Lathers did not assume a direct and primary obligation. On its face this would seem to be an unusually altruistic attitude, but we do not need to look far to see that the motive giving rise to this contention is not one of unselfish beneficence. The Insurance Company takes this position in order to enable it to file its claim against the estate as a contingent claim after the time for filing primary claims against the estate has expired.

It is conceded that the written agreement gives rise to a primary obligation on the part of the deceased. His estate is not attempting to challenge that primary liability. The Insurance Company does not contend that the writing does not express the agreement which it entered into with Lathers, but rather that it does not express the agreement which Lathers intended to make. The evidence to support this proposition rests in the testimony of one James J. Bettes, who was engaged in the real estate, insurance, and investment business in Orlando, Florida, in 1930, and to whom Matt F. Lathers and the deceased went to ascertain if he could secure a refinancing or an extension of the mortgage. He was not the agent of the Insurance Company. In the transactions following he acted as the agent of Matt F. Lathers or the Lathers Land Company. He testified that at this interview William J. Lathers "agreed to join in an extension agreement, and in case Matt F. Lathers or the Lathers Land Company failed to make the mortgage payments he would make them himself." He did this to induce Mr. Bettes to undertake to secure an extension of the time of payment of the mortgage by the Insurance Company. Thereafter Mr. Bettes conducted negotiations which eventually resulted in the signing of the agreement. He had no further conversation with the deceased. The Insurance Company submitted the agreement upon which it was willing to grant the extension. The agreement was forwarded to the deceased

at Beloit, who signed it just as it was prepared by the Insurance Company, and returned it together with the check necessary to reduce the principal of the mortgage to $14,000.

One thing is certain: The written agreement is the only agreement to which the Insurance Company ever assented. Neither the Insurance Company, nor any agent of the Insurance Company, ever had any conversation with the deceased with reference to the terms of this contract. The Insurance Company never misled the deceased into signing this contract, nor did the deceased demur in any respect to the signing of the contract as presented. Under such circumstances, we do not see how the Insurance Company can claim now that the writing was not the contract entered into with deceased, in view of the fact that his estate makes no claim to that effect; and, even though the Insurance Company could so claim, we agree with the trial court that the evidence relied upon is not sufficient to establish it. We conclude without reluctance or hesitation that the written contract expresses the real contract that was entered into between the deceased and the Insurance Company, that it creates a direct and absolute liability on the part of the deceased, and that it cannot be filed as a contingent claim.

It remains to be considered whether the claim can be filed under the provisions of sec. 313.24, Stats., which provides as follows:

"If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute, and if established in the manner provided in this chapter the executor or administrator shall be required to pay it, if he shall have sufficient assets for that purpose, and shall be required to pay such part as he shall have assets to pay; and if real or personal estate shall afterward come to his possession he shall be required to pay such claim or such part thereof as he

may have assets sufficient to pay, not exceeding the proportions of other creditors, in such time as the county court may prescribe."

Except for certain semiannual payments of $1,000 each, the principal of said mortgage did not become due until after the expiration of the time fixed for filing claims, when the Insurance Company exercised its option to declare the full amount due. It is claimed that the amount remaining undue at the time of the exercise of this option represents a claim which accrued and became absolute after the time limited for creditors to present their claims against the estate. If this is so, sec. 313.24 would seem to authorize the filing of the claim as one "accruing and becoming absolute" after the expiration of the time limited for the filing of ordinary claims.

This section has not received the frequent consideration of this court, and it may be remarked that it was repealed by sec. 25 of ch. 190, Laws of 1933. The question would seem to be whether so much of the claim as remained undue until after the expiration of the time fixed for presentation of claims against the estate "accrued" after that date and at the time that the mortgagee exercised the option conferred upon it by the mortgage as well as the extension agreement to declare the entire amount due and payable.

In considering this question in *Estate of Hanlin,* 133 Wis. 140, at page 145, 113 N. W. 411, 413, this court quoted from 19 Am. & Eng. Ency. of Law (2d ed.), 193, as follows:

"A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier."

After that quotation the court said:

"That covers the whole subject. Nothing can be gained by multiplying words in respect to it. Manifestly, a statute of limitations does not bear on a right until there is a right of action; a judicial remedy of some sort which the owner

of that right can invoke to vindicate it. So, as said, the unfailing test is to decide upon the precise point of time when the owner of the right could have instituted a suit to enforce it and prosecute the same to a successful result."

It seems to be true that this claim, even though not yet due, might have been filed as a claim against the estate under the provisions of sec. 313.07, Stats., which provides that the court "may examine and allow all demands, at the then present value thereof, which may be payable at a future day." The question is whether these two statutes afford the creditor two methods of presenting claims against the estate or whether one is exclusive of the other. If a claim not yet due must necessarily be filed under sec. 313.07 there would seem to be no occasion for sec. 313.24. This is apparently the view of the legislature of 1933, which, as above stated, repealed sec. 313.24, and all claims against an estate are now required to be filed within the time limited for the filing of claims against an estate of a deceased person. The inference is strong that, prior to such repeal, claims not yet due could be filed under either section. It seems to have been recognized in *Ernst v. Nau,* 63 Wis. 134, 23 N. W. 492, that such a claim could be filed pursuant to either provision, but, if filed under the latter provision, the creditor takes chances as to getting his proportionate share of the estate if distributed before the filing of the claim. We are unable to give any other meaning to sec. 313.24. It must refer to claims upon which actions could not be commenced because they have not accrued, that is, because the indebtedness has not matured. *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488; *Logan v. Dixon,* 73 Wis. 533, 41 N. W. 713; *C. & J. Michel Brewing Co. v. Estate of Wightman,* 97 Wis. 657, 73 N. W. 316; *Estate of Ryan,* 157 Wis. 576, 147 N. W. 993; *Estate of Landerud,* 209 Wis. 674, 245 N. W. 862, all dealing with various aspects of this question, have been examined, and we find nothing in any of them inconsistent with this view. It seems impossible to account for the presence of sec. 313.24

in the statutes for such a length of time, unless it means that a creditor may present a claim against an estate which accrues and becomes absolute, that is, becomes due, after the time fixed for the presentation of claims against the estate.

We are therefore forced to the conclusion that so much of the claim as became due by the exercise of the option conferred by the mortgage and the extension agreement as well, may be filed under sec. 313.24. This, however, does not apply to the semiannual payments of $1,000, each of which became due and payable prior to the expiration of the time limited for filing claims against the estate. Those items are barred.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

The following opinion was filed May 1, 1934:

Fowler, J. A motion for rehearing is made to procure reconsideration whether so much of the claim herein involved as became due after the date limited by order of court for filing of claims, is properly filable and allowable under sec. 313.24, Stats. 1931 (repealed by ch. 190, Laws of 1933). We held in the opinion filed that it was. That opinion makes no reference to either of two decisions of the court directly to the contrary of our ruling: *Estate of Kleinschmidt,* 167 Wis. 450, 167 N. W. 827; *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955.

Stats. 1931, in force when the claim in suit was filed, contained four provisions bearing upon the point at issue. Sec. 313.08 barred claims not filed within the time fixed by order of court; sec. 313.07 provided that the court might allow the present worth of claims to fall due in the future; secs. 313.22 and 313.23 provided for the payment of contingent claims; sec. 313.24 provided as follows:

"If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims the person having such claim may present

it to the county court and prove the same at any time within one year after it shall accrue or become absolute, and if established in the manner provided in this chapter the executor . . . shall be required to pay it," . . . or such part of it as the funds in his hands permit.

It was held in the opinion filed that the claim in suit was on a contract that created "a direct and absolute liability on the part of the deceased, and that it cannot be filed as a contingent claim." There is no motion for rehearing as to this ruling, so this ruling is the settled law of the case. Although the portion of the claim allowed by the opinion fell due subsequent to the order limiting the time for filing claims, this portion of the claim as well as the portion that fell due prior thereto might have been allowed at its present worth under sec. 313.07. There is no question that the entire claim was "proper to be allowed" and under the express terms of sec. 313.08 was barred, unless sec. 313.24 saves the portion of it that fell due after the date limited by the order of the court for filing claims.

In the *Kleinschmidt Case, supra,* a claim, absolute in character, but not due until April, 1917, was filed on May 5, 1917. The time fixed by order of court for filing claims was the first Tuesday in May, 1916. The claim was disallowed by the county court and on appeal to the circuit court was allowed. On appeal to this court the judgment of the circuit court was reversed and the claim disallowed. In the opinion of the court, page 453, it is stated:

"The claimant contends that the claim was properly filable under sec. 3860 (now sec. 313.24), which provides that any claim *accruing or becoming absolute* after the time limited for creditors to present their claims may be presented to the county court, proved, and allowed at any time within one year after it shall have accrued or become absolute. It will be seen that, under the provisions of sec. 3844 (now sec. 313.08), if the claim was a proper one to be filed against the estate within the time fixed for filing claims, it was barred because not so filed."

The opinion then goes on to say that under sec. 3843, now sec. 313.07, providing for allowance at their present worth of claims falling due in the future, the claim was one "proper to be allowed" by the court, and because it was not filed before the time limited by order of court for filing claims it was barred by sec. 3844, now sec. 313.08. It thus appears that we must hold that the claim here in suit was barred unless we overrule the *Kleinschmidt Case.*

The opinion of the court in the instant case turns upon the point that a cause of action upon an instrument for the recovery of money does not accrue until the money becomes due by the terms of the instrument, and holds by analogy that a claim does not accrue until such time, and therefore that the portion of the claim in suit might be filed under sec. 313.24. The reasoning is forceful and would be convincing but for the prior ruling of the court and the consideration that the phrase "shall accrue or become absolute" may be construed as merely placing the terms "accrue" and "become absolute" in apposition; or as meaning the same thing, which would make the statute applicable to contingent claims only.

It is further to be noted that the opinion of the court states that "it seems to have been recognized in *Ernst v. Nau,* 63 Wis. 134, 23 N. W. 492, that such a claim could be filed pursuant to either provision," that is, under sec. 3843 (313.07), providing for allowance at present worth of claims absolute falling due in the future, or sec. 3860 (313.24), relating to claims that "shall accrue or become absolute." But the opinion in the *Ernst Case* states, pages 138, 139: "When the claim is proved under this section (3860, now sec. 313.24) within one year *after it becomes absolute,"*— thus indicating that the court contemplated sec. 3860 as covering contingent claims not filed and proved under secs. 3858 (313.22) or 3859 (313.23). The claim therein involved was in fact a contingent claim. That the court considered the statement above quoted as applying only to a

contingent claim appears from the opinion in the *Austin Case, supra,* in which a claim absolute was involved, and wherein it is said, page 113:

"Manifestly, these notes [joint and several notes not due at the time fixed by court order for filing of claims] were provable as a claim against the estate within the time limited in the order. This disposes of the contention that the notes in question constituted a contingent claim within the meaning of sec. 3858, R. S. (313.22), and *hence provable* within the time prescribed by sec. 3860, R. S. (313.24), as construed by this court. *Ernst v. Nau,* 63 Wis. 134, 23 N. W. 492; *Mann v. Everts,* 64 Wis. 372, 25 N. W. 209; *Logan v. Dixon,* 73 Wis. 533, 41 N. W. 713; *Webster v. Estate of Lawson,* 73 Wis. 561, 41 N. W. 710."

In the three cases last cited, as in the *Ernst Case,* the claim involved was a contingent claim.

In no case called to our attention involving a claim absolute in its character that fell due after the time limited by the order for filing claims has the court held that sec. 313.24 applies. It is stated in the opinion in *Barry v. Minahan,* 127 Wis. 570, 574, 107 N. W. 488, that:

"Secs. 3840 (313.03) and 3844 (313.08) plainly make provision for accrued claims, while sec. 3860 (313.24) provides for claims which accrue or become absolute after the time limited for creditors to present their claims, and further provides that the same may be presented and proved at any time within one year after they shall accrue or become absolute."

But this is a mere quotation of sec. 313.24, and the claim involved was a claim absolute, not contingent, that accrued prior to the decedent's death and was held barred because not filed before the time limited by the court's order. If this statement was intended to indicate that a claim absolute in character falling due after the time limited by court order for filing claims may be filed after that time, it was mere *obiter dictum.* The opinion herein cites several cases, not as authority for the position taken, but merely as not inconsistent with it. Of these *Barry v. Minahan, supra,* is next above

stated. *Logan v. Dixon,* 73 Wis. 533, 41 N. W. 713, and *Estate of Ryan,* 157 Wis. 576, 147 N. W. 993, involved claims by a surviving partner against the estate of a deceased partner for contribution, which were contingent upon the surviving partners first making payment of the sum for which the partnership was liable. Such claims are like that involved in the *Ernst Case,* which was a claim for contribution by one cosurety against the estate of a cosurety, and which was held presentable either as a contingent claim under sec. 3858, R. S. (313.22), relating to contingent claims, or under sec. 3860 (313.24). *C. & J. Michel Brewing Co. v. Estate of Wightman,* 97 Wis. 657, 73 N. W. 316, involved a claim against the estate of a surety on an agent's bond. The surety's liability was contingent on the principal's failure to perform during the continuance of the agency. In *Estate of Landerud,* 209 Wis. 674, 245 N. W. 862, the opinion did not mention nor did the court consider sec. 313.24. We merely held that a claim against one liable on a note secured by a mortgage was not contingent, dependent on a deficiency judgment being entered on foreclosure, and was barred by not filing within the time limited by order of court.

In deciding the instant case in accordance with the opinion filed, the court did not understand that it was overruling, nor was there any intention to overrule, the *Austin* and *Kleinschmidt Cases, supra.* Upon reconsideration we are of opinion that those cases were correctly decided. As the claim herein involved was clearly one "proper to be allowed" and therefore proper to be filed under sec. 313.07, Stats., it was barred under the plain terms of sec. 313.08.

*By the Court.*—The mandate heretofore entered is vacated, and the judgment of the county court is affirmed.

FAIRCHILD, J., dissents.

A motion for a rehearing was denied, without costs, on May 1, 1934.