SHORES, Appellant, vs. DOHERTY, Respondent.

*January 11 — January 28, 1890.*

*Fraudulent conveyance: Evidence: Record in another action.*

In replevin by a mortgagee to recover goods which have been seized under an attachment against the mortgagors, it is error to admit in evidence the record in an action to which the plaintiff was not a party, for the purpose of showing that the mortgage under which he claims was fraudulent as to the creditors of the mortgagors. *Goodwin v. Snyder, ante,* p. 450, followed.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that October 2, 1883, the plaintiff entered into a contract with Stratton & Hay,

Shores vs. Doherty.

whereby it was agreed that they should cut and bank all the logs on a piece of land described, for which the plaintiff agreed to pay them $2 per M. feet the 1st of each month after the scale sheets of said logs were received, and $.60 per M. feet when all of said logs were delivered, on the bank of the lake, in a suitable shape for rafting; that by the terms of the contract it was not to be deemed performed until Stratton & Hay had satisfied the plaintiff that all wages due the men for work on the logs were paid; that October 22, 1883, the plaintiff entered into another contract with Stratton & Hay, whereby they agreed to cut and bank all the logs on a certain other piece of land described, upon the same terms and conditions as the first contract, except that the plaintiff was to pay $3 per M. feet on the receipt of the scale sheets, and $1.50 per M. feet on the completion of the contract; that December 14, 1883, Stratton & Hay executed to the plaintiff a bond, secured by chattel mortgage covering the property in question, in the penal sum of $2,000, wherein it was recited that the plaintiff had made certain advances to Stratton & Hay upon the logging contracts mentioned, and had agreed to make further advances to them from time to time as they might need the same and as might be agreed upon between the parties; that said bond was upon condition that Stratton & Hay should repay such advances at the time and in the manner as agreed, and further faithfully and fully perform said logging contracts as agreed, then to be void,— otherwise to remain in force; that afterwards and on March 14, 1884, the defendant, as sheriff, seized the six oxen and three yokes in question on an attachment issued against the property of said Stratton & Hay, in a suit in favor of one Boynton.

March 15, 1884, the plaintiff, as such mortgagee, commenced this action of replevin to recover said oxen and yokes, upon a complaint in the usual form. The defendant justified under said attachment, and in his answer alleged

that said mortgage was fraudulent as to the creditors of said Stratton & Hay. At the close of the trial the jury returned a verdict in favor of the defendant, in the form usual in such cases. From the judgment entered in favor of the defendant upon such verdict the plaintiff appeals.

For the appellant there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkins*.

For the respondent there was a brief by *Miles & Shea*, and oral argument by *W. F. Shea*.

CASSODAY, J. On the trial the defendant's attorneys offered in evidence the judgment roll in the case of *Hartley v. Flannigan & Stratton*, with the remark: "We offer this as a circumstance to prove that *Shores* and Flannigan, and young Stratton, and Stratton & Hay, were all in cahoots, working together to cover up their property." To such offer the plaintiff objected on the ground that such judgment roll was incompetent, immaterial, and irrelevant, and a record in another case, between other parties, and also on the ground that Flannigan had sworn in this case that he did not sign the answer in that case. Thereupon the court ruled as follows: "It is rather unusual; but, as he is trying to prove *fraud*, I will give him an opportunity to do so. You can introduce the record." To which the plaintiff excepted. It will be perceived that this evidence was not offered by way of impeachment, but as a circumstance tending to prove fraud in the giving and receiving of the chattel mortgage in question, and was expressly admitted as being pertinent on that issue, and as tending to prove such fraud. This was manifestly an error. The reasons why that judgment roll was inadmissible to prove fraud on the part of the plaintiff in this action have been so recently and fully given by Mr. Justice ORTON in *Goodwin v. Snyder, ante*, p. 450, as to require no repetition here.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.