WENTWORTH, Respondent, vs. RACINE COUNTY, Appellant.

*March 1 — March 22, 1898.*

*Construction of statutes: Constitutional law: County boards: Publication of proceedings:* Res adjudicata.

1. An act of the legislature cannot properly be judicially declared void for uncertainty if it will admit of any reasonable construction that will support it.

2. The mere wisdom or reasonableness of a law is not a matter for judicial determination, but is exclusively within the domain of legislative power.

3. Ch. 250, Laws of 1895, delegating to county boards power to legislate in regard to officers' fees in certain cases, is constitutional under the rule in *Ryan v. Outagamie Co.* 80 Wis. 336.

4. The constitutional and statutory requirement for the publication of laws as a prerequisite to their validity does not extend to the publication of mere ordinances, resolutions, and proceedings of local governing bodies, pursuant to a valid grant to such bodies of power to legislate in regard to such matters.

5. The general statute requiring the publication of the proceedings of county boards is directory, and a failure to comply therewith does not invalidate such proceedings.

6. The rule that a judgment in bar, or as evidence in estoppel, is binding not only as to every question actually presented and considered and upon which the court rested its decision, but every question that might have been presented and decided as well, does not apply to a different cause of action between the same parties, except as to questions shown to have been actually decided in the former action.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Reversed.*

Plaintiff filed a bill for services as justice of the peace, for allowance by the defendant county, made out in accordance with the general statute on the subject. Such board, having previous to the performance of the services made a regulation in regard to officers' fees in certain cases, pursuant to ch. 250, Laws of 1895, determined that plaintiff was only entitled to recover in accordance with such regulations, and accordingly allowed his bill in part and disallowed it in part. From such determination an appeal was duly taken by the plaintiff to the circuit court, and such proceedings were there duly had that it was determined that the county board, November 18, 1895, pretending to act under ch. 250, Laws of 1895, aforesaid, by resolution, established the fees for services of justices of the peace in the cases covered by plaintiff's bill, and that the allowance made by such board on such bill was strictly in accordance with such resolution; that no certified copy of such resolution was ever published, hence that it never became valid, even if the statute attempting to authorize it were valid; that such statute is

void for uncertainty and is improper and unconstitutional; hence that the general statutes of the state, in accordance with which plaintiff's bill was made out as presented to the county board, governed the subject. Judgment was therefore ordered in plaintiff's favor for the amount of the claim disallowed by the county board. Judgment was entered accordingly, from which this appeal was taken.

On the trial the record of a former case between the same parties, for the recovery of fees, was introduced in evidence, but there was no evidence to show that the validity of the resolution in question was there determined.

*Peter B. Nelson*, for the appellant, argued, among other things, that, though a city charter requires ordinances to be published, yet publication is not essential to their taking effect. Sutherland, Statutory Construction, §§ 446, 447, 454; *Conboy v. Iowa City*, 2 Iowa, 90; *Arthur v. Adam*, 49 Miss. 404; *Chesnut v. Elliott*, 61 id. 569; *Fifield v. Marinette Co.* 62 Wis. 532; *State v. Click*, 2 Ala. 26; *St. Louis, L. & D. R. Co. v. Wilder*, 17 Kan. 239; *In re New York P. E. Public School*, 47 N. Y. 556; *People v. Cook*, 14 Barb. 259. The former judgment was not an estoppel. Something more is necessary to make it so than a similarity of facts or a common question of law. *Davenport v. C., R. I. & P. R. Co.* 38 Iowa, 633–640; *Aultman v. Mount*, 62 id. 674.

*John T. Wentworth*, for the respondent, contended that the county board could not exercise the power delegated to it of fixing the compensation of justices, previously fixed by a general law, by a law or resolution which is not properly published. *State ex rel. Cothren v. Lean*, 9 Wis. 279; *Clark v. Janesville*, 10 id. 136; *State ex rel. Hawes v. Pierce*, 35 id. 93; *Smith v. Sherry*, 54 id. 114; *Burnham v. Webster*, 5 Mass. 266; *Heridia v. Ayers*, 12 Pick. 334; *Calking v. Baldwin*, 4 Wend. 667; *Burnham v. Acton*, 35 How. Pr. 48; *Rogers' Case*, 2 Me. 303. The judgment in a former action between the same parties involving the same question of law is an

estoppel as to conclusions both of law and fact which necessarily flow from such judgment, although not expressly found. *Cromwell v. Sac County*, 94 U. S. 351; *Pray v. Hegeman*, 98 N. Y. 351; *Woodgate v. Fleet*, 44 id. 1.

MARSHALL, J. The questions for consideration on this appeal are: (1) Is ch. 250, Laws of 1895, void for uncertainty? (2) Is such chapter improper or unconstitutional? (3) Is it requisite to the validity of a regulation fixing officers' fees under such chapter that it be published, as laws are required to be published under the constitution and statutes of this state? (4) Was the question of the legality of plaintiff's claim *res adjudicata* by reason of the court having, in a previous action between the same parties, allowed a recovery of fees in accordance with the general statutes? These questions will be briefly considered in their order.

1. The title of the act of 1895 is in the following language: " An act relating to the punishment of vagrancy, drunkenness, and similar offenses, and the fees of officers in prosecution therefor." The body of the act, in sec. 1, provides for the manner of punishing offenders of the classes mentioned, and sec. 2 provides that county boards of supervisors may, from time to time, fix and regulate the fees or compensation of officers and magistrates for services performed in all prosecutions for any of such offenses, except when such prosecutions shall be under a city or village charter or ordinance. Wherein there is any indefiniteness in either the title or the body of the act is not pointed out in the findings of the trial court, or suggested by respondent. If uncertainty exists so as to warrant the court in saying that the law is void on that account, there ought not to be any difficulty in discovering it, for legislation cannot properly be thus brushed aside and nullified if susceptible of any reasonable construction that will support it. No difficulty in discovering such construction appears. The title refers to and calls for provisions in

regard to the punishment of several well-known classes of offenses, and for the regulation of the fees of officers in the enforcement of the law in regard to such offenses. The body of the act responds clearly to the calls of the title, making a law easily understood, so far as anything which we can discover.

2. The mere wisdom or reasonableness of the act is not a matter for judicial investigation. That is a field exclusively within the domain of legislative power. Within constitutional limitations, it is for the legislature to make the law, and for the courts to declare and apply it, without reference to the notions of judges as to the wisdom or reasonableness of it. That the law in question is not in excess of constitutional legislative power is ruled by *Ryan v. Outagamie Co.* 80 Wis. 336. It is sufficient for this case, on that question, to refer to that decision.

3. The constitutional requirement in regard to the publication of laws, and the legislative requirement as well, refer to statutes enacted by the legislature, not to mere ordinances, resolutions, or proceedings by local governing bodies pursuant to a valid grant of power to legislate in regard to local matters. We are referred to numerous adjudications to support the contention that the resolution of the county board is invalid because not published, none of which appears to affect the question. They go only to show that an act passed by the legislature, to be valid, must be published, as in *State ex rel. Cothren v. Lean*, 9 Wis. 279, where the question arose in regard to a law providing for the submission to voters of the question of the removal of a county seat, or to show that, where the statute provides for legislation by local bodies and that it shall be published, publication of such local legislation is necessary, as in *Smith v. Sherry*, 54 Wis. 114. The question there was whether a determination by a county board, in respect to changing the boundaries of a town, was valid without publication thereof,

in view of the fact that the statute provided that legislation
in that regard by county boards should be published in a
particular manner. The statute in question delegated power
to county boards to legislate. That was duly published in
all respects as required by law. It does not contain any
provision requiring the action of a county board under it to
be published as a prerequisite to its validity. The claim
that the general statutes, requiring the publication of the
proceedings of county boards for the information of the
public, applies, cannot be sustained. That is purely direct-
ory; compliance with it is not essential to the validity of
the proceedings.

4. The fact that in another case, on a different cause of
action, the validity of the law in question might have been
determined, does not make the judgment there rendered *res
adjudicata* in this case, in the absence of evidence to show
that the question was actually presented to the court and
decided, and became a part of the judgment. The doctrine
of the conclusiveness of a former adjudication does not go
so far as to make such adjudication in one case necessarily
binding between the same parties in another case, involving
questions that might have been decided in the former. The
general rule is often stated by courts and text writers, that
a judgment in bar, or as evidence in estoppel, is binding not
only as to every question actually presented and considered
and upon which the court rested its decision, but as to every
point that might have been presented and decided in the
case, and that is strictly accurate when applied to the cause
of action in which the adjudication occurs, whether in the
same or in some other case, but not when the same question
is subsequently raised between the same parties on a differ-
ent claim or cause of action. In the latter situation the
former judgment is binding only as to matters actually pre-
sented and litigated in the former case. To make the rule
applicable literally, there must be an identity of parties,

an identity of subject matter, and an identity of cause of action. In *Cromwell v. Sac Co.* 94 U. S. 351, Mr. Justice FIELD, speaking for the court, very clearly points out the difference between the effect of a judgment in the same action, or in regard to the same cause of action, and when it is resorted to as an estoppel between the same parties upon a different claim or cause of action. Here there is no proof that the precise question upon which this case turned was presented in the former case and decided; therefore, though, apparently, such question might have been decided, the judgment does not affect plaintiff's right to recover one way or the other.

It follows from what has preceded that the regulation of officers' fees, made by the county board of *Racine* county, in accordance with which plaintiff's bill was allowed by the county board, was valid, and measured the right of plaintiff to recover, and that the decision of the trial court to the contrary must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for costs in favor of the defendant.

The above mandate was modified January 10, 1899. See *ante,* page iv.

*Peter B. Nelson,* for the appellant.

*John T. Wentworth,* for the respondent.