McFarland vs. Lindekugel.

---

McFARLAND, Appellant, vs. LINDEKUGEL, Respondent.

*September 8 — October 12, 1900.*

*Streets: Easements: Plats: Estoppel: Injunction.*

1. While the rule is general that, to charge a municipality with obligations arising from the use of dedicated streets, there must be an acceptance and opening or use equivalent thereto, a different rule prevails when the contest is between the owner of a plat, who has sold lots with reference thereto, and his grantee.

2. A grantor of defendant laid out an addition to an unincorporated village, and defendant sold plaintiff two lots thereof, all the conveyances after the plat, including that to plaintiff, being made by lots and blocks according to the plat. The streets of the plat were, by an order of the town board duly recorded, declared to be highways of the town, but after that time were never opened, traveled, or worked. After plaintiff's purchase defendant fenced up the street in front of plaintiff's lots. *Held* that, such street being appurtenant to plaintiff's lots, the owner of the plat and his successors in estate were estopped from claiming the street was not such; and that the maintenance of such fences was a direct invasion of plaintiff's rights, which, by reason of such estoppel, defendant could not be heard to justify.

3. In such case the fact that, after the commencement of the suit and before trial, the defendant removed the fence cannot affect the plaintiff's right to a judgment enjoining the maintenance of the fence, otherwise the defendant might again insist upon the right to replace and maintain it.

McFarland vs. Lindekugel.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

This is an action in equity to cause the removal of fences. maintained by the defendant across a street passing plaintiff's premises, and to perpetually enjoin their maintenance. The land is located in the unincorporated village of Maniwa,. in the town of Little Wolf, Waupaca county. In 1876,. William Evans, who was the owner thereof, laid out, platted,. and recorded an addition consisting of four blocks, called Evans's addition to the village of Maniwa. It adjoined J. M. Rounds & Co.'s addition on the south, and the streets. running north and south through the two additions correspond and bear the same name. Title to blocks 2 and 4 came to defendant in 1891. Factory street runs along the east margin of these two blocks. In 1896 defendant conveyed lots 5 and 6, block 4, to plaintiff. These lots comprise the northeast quarter of the block, and abut on Factory street. Block 2 is immediately north, being separated from the plaintiff's premises by Third street. Defendant's deed to plaintiff described the property conveyed as "lots 5 and 6 of block 4 of William Evans's addition to the village of Maniwa, in the town of Little Wolf." Plaintiff immediately entered into possession, and built a residence and barn thereon. Defendant has since maintained a fence across Factory street, at the south line of block 2, and another across the same street, near the north line. These fences. constitute the alleged nuisances. The case was tried by the court, and findings made, among other things, that Factory street had never been opened or worked; that, by reason of the obstruction in the street, plaintiff's premises were less. desirable for residence purposes, and less valuable by one or two hundred dollars; and that plaintiff's injury was not. different in kind from that suffered by the public in general. The conclusions were that plaintiff was not entitled to relief; that Factory street opposite blocks 2 and 4 was not a.

public highway when plaintiff purchased his lots; and that defendant was entitled to judgment. Due exceptions to the findings were filed, and from the judgment entered for defendant the plaintiff has appealed.

*C. D. McFarland*, appellant, in person.

For the respondent the cause was submitted on the brief of *Cate, Lamoreux & Park*.

BARDEEN, J. Defendant's deed describes the property conveyed to plaintiff as certain lots in a given block of "William Evans's addition to the village of Maniwa." At that date he was the owner of the two blocks of the addition which abutted on Factory street. The land was platted by Mr. Evans, the owner, in 1876, and, so far as the record discloses, all subsequent conveyances were made by lots and blocks according to the plat. In 1880 the town of Little Wolf, acting under the provisions of sec. 1224, R. S. 1878, made and recorded an order declaring the streets and alleys shown upon the Evans plat to be highways of the town. Factory street at that time had never been formally opened, and the court found that that portion which was obstructed by the defendant's fences "has never, since it was declared a highway by the town board, been opened, traveled, or worked." The theory upon which the case was tried and disposed of was that the street, never having been opened prior to plaintiff's purchase, never became a public highway, and therefore the plaintiff had no right to insist upon its being opened. It is possible that the court may have been misled by a statement contained in *Mahler v. Brumder*, 92 Wis. 477. It is there said: "The law is well settled that, to constitute a public street or highway by dedication, there must not only be an absolute dedication,— a setting apart and surrender to the public use of the land by the proprietors,— but there must be an acceptance and a formal opening thereof by the proper authorities, or a use equivalent to

McFarland vs. Lindekugel.

such acceptance and opening." This is undoubtedly good law in a case where the contest is between an individual and the public authorities. The rule is general that, to charge a municipality with obligations arising from the use of dedicated streets, there must be an acceptance and opening or use equivalent thereto. But when the contest is between the owner of a plat who has sold lots with reference thereto and his grantee a different rule prevails. Thus, it was said in *Donohoo v. Murray*, 62 Wis. 100: "When land is so divided into lots, and a plat made, and the lots and streets marked thereon, and the owner sells a lot so designated on the plat, and for a consideration evidently affected by its situation as a lot on a public street, he is estopped from depriving the purchaser of the use of the street. He, at least, has an easement in such street to be enjoyed in connection with the lot, of which the grantor cannot deprive him, whether the public have an easement therein as a public highway or not." This rule is of universal application, as will be seen by reference to the following authorities: *Dobson v. Hohenadel*, 148 Pa. St. 367; *McLemore v. McNeley*, 56 Mo. App. 556; *Lord v. Atkins*, 138 N. Y. 184; *Wilson v. Acree*, 97 Tenn. 378; *Indianapolis v. Kingsbury*, 101 Ind. 200; *Wolfe v. Sullivan*, 133 Ind. 331; *Bartlett v. Bangor*, 67 Me. 460; *Bissell v. N. Y. C. R. Co.* 23 N. Y. 62; *Fox v. Union S. Refinery*, 109 Mass. 292; *Lennig v. Ocean City Asso.* 41 N. J. Eq. 606; *Baltimore v. Frick*, 82 Md. 77.

Some few of the cases put the right of the grantee upon the ground that there is an implied covenant to the use of the street, but the great majority, and with the better reason, base it upon the ground of estoppel *in pais*. See Herman, Estoppel, § 1147. Whether the public have ever accepted its use as a street or not cannot affect the matter as between grantor and grantee. *Bissell v. N. Y. C. R. Co.*, *supra*; *Bartlett v. Bangor*, 67 Me. 460. Some of the cases go to the extent of holding that this rule applies to *all* of the

streets shown on the plat. *Quicksall v. Philadelphia*, 177 Pa. St. 301. But in this case it is not deemed necessary to go to that extent. The case of *Mahler v. Brumder*, 92 Wis. 477, holds, in effect, that, in so far as the streets on the plat are appurtenant to the lot conveyed, the making and filing of the plat, and subsequent conveyances of lots with reference thereto, gives the grantee a right to the use of such streets. The logic of the decision is that, in so far as such streets and ways are appurtenant to the lot conveyed, the owner of the plat or his successor in estate is estopped from claiming that such streets and ways are not such. Factory street, as delineated on the map, passed plaintiff's premises, leading northward to a settled portion of Rounds's addition. It was clearly appurtenant and of value to the plaintiff's lots, as furnishing a direct means of communication with his neighbors. The maintenance of these fences across the street was a direct invasion of plaintiff's rights, and the defendant cannot be heard to justify it, because he is estopped by his deed. The plaintiff is not seeking to vindicate the rights of the public, but is enforcing an individual right, resulting from the acts of his grantors in platting the property and selling lots with reference thereto. In that view, the judgment of the court below was wrong.

A suggestion is made by defendant's counsel that after the suit was commenced, and before trial, defendant had sold lots in block 2, and had removed the fences. This cannot affect plaintiff's right to a judgment, as the defendant might again insist upon the right to replace and maintain the obstruction.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment for the plaintiff according to the prayer of his complaint.