.J. J. CLEAVER, Appellant, v. ELIZABETH MAHANKE *et al.*

Vendor and Vendee:     EASEMENT IN STREET:     REPRESENTATIONS OF VENDOR:     ESTOPPEL.     Where a grantor sells and conveys lots describing them by metes and bounds, also by reference to the same as designated on a certain plat and represents that the lots are adjacent to a street which he points out on the plat, the grantee takes an easement in the street which the grantor is estopped to deny, even though the plat was not authorized by him, was not legal, and had never been recorded.

*Appeal from Butler District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, APRIL, 10, 1903.

ACTION in equity to require the defendants to remove a fence built by them across a street, and to restrain them from again obstructing the same.     There was a judgment for the defendants.     The plaintiff appeals.—*Reversed.*

*Edwards & Camp* for appellant.

*Hemenway & Martin* for appellees.

SHERWIN, J.—The plaintiff and the defendants are residents of Parkersburg, Iowa.     Prior to and on the 8th day of March, 1894, the defendant Elizabeth Mahanke was the

owner of land abutting the east line of Church street, one of the streets of said town, but outside of the corporate limits. This land had never been platted by her, but in 1878 a plat of Parkersburg had been made by the then county surveyor of Butler county, Mr. J. G. Rockwell, and on this plat he had subdivided the defendants' land in question into lots and blocks, numbering the same, and indicating thereon street extensions both north and south and east and west. This entire plat seems to have been made at the instance of the auditor of the county, and was filed and kept in his office, but it was never recorded in the office of the county recorder, nor is it now claimed that it was a legal plat of the land in question. On the 8th day of March, 1894, the plaintiff and the defendant Elizabeth Mahanke entered into a written contract for the purchase and sale of two of the lots so platted by Rockwell, both lying immediately north of Third street as extended by the plat, the west one of the two abutting on Church street, and the other being immediately east thereof. The contract described the lots as follows: "Commencing at the southwest corner of Lot 'A' in Block 35, Taylors Addition to Parkersburg, Iowa; thence south along the east side of the street two hundred and sixty-four feet; thence east two hundred and sixty-four feet; thence north sixty-six feet; thence west two hundred and sixty-four feet; thence south sixty-six feet to point of beginning of the south line of this piece of land. Otherwise described as Outlots 94 and 112 on plat made by Rockwell at one time county surveyor, said land being in S. E. ¼ of S. W. ¼ of Sec. 30—90—16, Butler County, Iowa."

The plaintiff went into possession of the lots under his contract, built a house and barn thereon, and otherwise improved the premises, all with reference to the lot lines and Third street as it was indicated by the Rockwell plat. Until some time in 1900, he used so much of Third street south of his lots as was necessary for the convenient use of

the property, at which time the defendant John A. Mahanke, who is the grantee thereof, built a fence across Third street along the line of Church street, and completely obstructed the plaintiff's use thereof.

There are at least two sufficient reasons why the plaintiff should be given the relief asked. It will be observed that the contract not only described the land conveyed by metes and bounds, but that it also describes it as "outlots 94 and 112 on plat made by Rockwell." This description of the lots and reference to the Rockwell plat must be held to be a recognition and adoption of that plat, not alone as to the particular land or lots conveyed, but as to all of its parts so far as it could affect the plaintiff's private use and enjoyment of the land purchased to such an extent that the defendants are now estopped from interfering therewith. It is a well recognized rule that, where land has been divided into lots, and a plat thereof is made showing such lots and the streets, and the owner sells lots so designated on the plat, the purchaser has an easement in such streets as are necessary for the full enjoyment and use of his property, of which the grantor cannot deprive him. *Fisher v. Beard*, 32 Iowa, 346, and cases cited therein; *City of Dubuque v. Maloney*, 9 Iowa, 450; *McFarland v. Lindekugel*, 107 Wis. 474 (83 N. W. Rep. 757); *Strunk v. Pritchett*, 27 Ind. App. 582 (61 N. E. Rep. 973.) Nor can the fact that the plat was not made or authorized by the grantor, or that it was not a legal or recorded plat, make any difference with the rule. It is founded upon the doctrine of estoppel, and, whether the plat be legal or illegal, authorized or unauthorized, if it be recognized, and adopted by the grantor in making the sale, and is relied upon by the purchaser, the estoppel is as effective as it would be were the conditions different. *Noonan v. Braley*, 67 U. S. 499, (17 L. Ed. 278). See, also, *Shea v. The City of Ottumwa*, 67 Iowa, 39; *Bartlett v. Bangor*, 67 Me. 460; *Strunk v. Pritchett, supra*; *Reno v. City of*

*Iolo*, 63 Kan. Sup. 885 (65 Pac. Rep. 678); *Rhodes v. Town of Brightwood*, 145 Ind. 21 (43 N. E. Rep. 942); *Town of Woodruff Place v. Rashig*, 174 Ind. 517 (46 N. E. Rep. 990); Elliott on Roads and Streets, section 117 (2d Ed.) But aside from the description of the lots in the contract, the evidence quite conclusively shows that the defendant induced the plaintiff to purchase by his verbal representations that there was a street south of the lots, and by pointing out to him the location of the lots and the street on the Rockwell plat before the contract was made. These facts are of themselves sufficient to create an estoppel under the authorities cited.

The motion to strike the appellee's additional abstract is sustained, and the judgment is REVERSED.