RAHR, Respondent, vs. WITTMANN, Appellant.

*October 6—October 24, 1911.*

*Judgment:* Res judicata: *Persons concluded: Public and private rights: Streets: Estoppel.*

1. A judgment against a city in an action involving a controversy as to a public right is not a bar to a subsequent action to enforce a private right, brought in his individual capacity by the person who was mayor of the city at the time of the former adjudication.

2. Thus, a judgment against a city to the effect that a street shown on a recorded plat was not a public street does not bar a subsequent action, brought in his private capacity by the person who was mayor at the time of such judgment, to enforce his right, as owner of a lot which had been conveyed to him by deed describing it with reference to said plat, to use said street, against the owners of other lots in the same block whose deeds contained similar descriptions, on the ground that such owners are estopped to deny the existence of the street adjoining their lots as shown by the plat.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This action was brought to restrain the defendant from entering upon land known as Lake street, in front of plaintiff's premises in the city of Manitowoc, Wisconsin, and so obstructing the same as to prevent plaintiff from having ingress and egress to and from his premises. The defendant set up certain former judgments as a bar to this action.

It appeared on the trial in the court below that the plaintiff in this action, *William Rahr,* had commenced several similar actions against several other parties, and that such actions were pending and undetermined at the time of the trial of this action; that the instant case involves all the issues of law and fact that are involved in the other actions; and it was stipulated that the decision in this case should govern in the

other cases. The court below found and concluded as follows:

"*First.* That at the time of the commencement of this action the plaintiff, *William Rahr,* was the owner and in possession of the east half of lots 2 and 3, in block 320, according to the plat of the village of Manitowoc, recorded in the office of the register of deeds for the county of Manitowoc.

"That the defendant, *Anna Wittmann,* was the owner of and in possession of lot 1, block 320, according to the plat of said village of Manitowoc, recorded in the office of the register of deeds for said county of Manitowoc, and also the owner of and in possession of the west half of lots 2 and 3, block 320, according to the plat of said village of Manitowoc, recorded in the office of the register of deeds for said county of Manitowoc.

"That Edwin Schuette, a defendant in one of said actions, was the owner of and in possession of lot 4, block 320, according to the plat of the village of Manitowoc, recorded in the office of the register of deeds for said county of Manitowoc.

"That August Mahnke, another one of the defendants in the aforesaid actions, was the owner of and in possession of lot 7, block 320, according to the plat of the village of Manitowoc, recorded in the office of the register of deeds for said county of Manitowoc.

"That Christian Spiegel, one of the defendants in the foregoing actions, was the owner of and in possession of the south 45 feet of lot 9, block 320, according to the plat of said village of Manitowoc, recorded in the office of the register of deeds.

"*Second.* That in 1845 one Samuel L. Hinkley was the owner of government subdivision, described as lot 2, section 29–19–24; that before the said Samuel L. Hinkley acquired title to said lot 2, a plat of the village of Manitowoc had been made, covering the property described in the above entitled action of *William Rahr v. Anna Wittmann* and in all of the other and foregoing mentioned actions, and which plat, or a copy thereof, was deposited and recorded in the office of the register of deeds for the county in which the village of Manitowoc was then located; that this plat of said property, with some slight changes, not affecting the property in question,

had always been recognized and referred to by the owners of all the lots in block 320 as the plat of the village and city of Manitowoc; that it does not appear that the original plat was ever acknowledged or certified to by the owner of lot 2, section 29–19–24, at the time when it was so filed and recorded; that the said Samuel L. Hinkley did not acknowledge or certify to it in any manner, and there is nothing on record showing that it was made by authority from him, but it is a fair presumption of fact that he did have it made, and I so find; that the said Samuel L. Hinkley, the owner of the property described as lot 2, section 29–19–24 aforesaid, did adopt said plat of his lot, and sold and conveyed the property covered by said plat, and the lots described in the complaint herein, as lots and blocks in the village of Manitowoc, according to the plat of said village, recorded in the office of the register of deeds for said county; that the property in said block has, by all the owners thereof, been conveyed and conveyances accepted by them, in which said plat is referred to and made a part of the description in such conveyances.

"*Third.* That the defendant, *Anna Wittmann,* and her deceased husband, Adolph Wittmann, accepted conveyances and executed conveyances of lots 1, 2, and 3 in said block 320, in which said plat was referred to and made a part of the description in such conveyances.

"*Fourth.* That the portion of Lake street which is delineated on said plat, between the southern boundary line and the northern boundary line of said block 320, has never been opened, worked, improved, or used as a public street.

"That the village board of Manitowoc village passed a resolution that the new map of the village of Manitowoc, as completed by Fred Solomon, by order of the village board, with the vacation of block 186, and parts of block 183, 184, and 185, for the purpose of enlarging the basin of the Manitowoc river at that point, starting at Chicago street, through blocks 148, 149 and 151, together with the enlargement of the corporate limits of the village, as per specifications, meets our cordial and universal approbation, and that after it is legalized it be properly recorded in the register's office; that in 1856, by chapter 361, Private and Local Laws, said plat, in so far as it could be, for all purposes whatever was legalized;

that the said Solomon plat was a copy of the plat which had theretofore been made, prior to 1845, and recorded in the office of the register of deeds for the county of Brown, the territory of Manitowoc then being included within the county of Brown, in every respect, except as to the changes referred to in the aforesaid resolution of the board of Manitowoc village; that the changes made in the Solomon map did not in any wise affect Lake street, or block 320, shown and designated on the original plat.

"*Fifth*. That Seventh street, in the city of Manitowoc, designated on said plat, is a public street in the city of Manitowoc, laid out, improved, and traveled for many years; that its location and the east and west boundary lines thereof are designated and ascertainable by reference to buildings, fences, and monuments; that the distance from the east line of Seventh street along the north line of defendant's said lot 1 to the west line of said Lake street is 218 feet 7 inches; that the distance from the east line of said Seventh street, at the south line of defendant's said lot 1, to the west line of Lake street, is 204 feet 5 inches.

"That the property owned by Edwin Schuette is described as lot 4, block 320, according to the recorded plat of said village of Manitowoc; that the distance from the east line of Seventh street on the north line of said Schuette's property to the west line of Lake street is 176 feet 1 inch; that the distance from the east line of said Seventh street on the south line of said Schuette's property is 161 feet 10 inches.

"That the property of the defendant August Mahnke, mentioned in said stipulation, is described as lot 7, block 320, according to the recorded plat of the village of Manitowoc; that the distance from the east line of said Seventh street on the north line of said Mahnke's lot to the east line of Lake street is 133 feet 4 inches; that the distance from the east line of said Seventh street on the south line of said Mahnke's lot to the east line of said Lake street is 119 feet 4 inches.

"That the property of Christian Spiegel, one of the defendants named in said stipulation, is described as the south 45 feet of lot 9, block 320; that the distance from the east line of said Seventh street on the north line of said Spiegel's property to the east line of Lake street is 101 feet 7 inches; that the distance from the east line of said Seventh street on

the south line of the property of said Spiegel to the east line of said Lake street is 91 feet. That Lake street is 66 feet wide.

"That the said defendant, *Anna Wittmann,* has built and now maintains an obstruction, to wit, a fence, across and along said Lake street; that all of the other defendants named in said stipulation have built and are now maintaining fences across and along said Lake street; that said fences so placed and maintained by the defendant, *Anna Wittmann,* across, along, and within the space described as Lake street on said plat, and the fences so placed and maintained by the other defendants named in said stipulation along, across, and within said Lake street, prevents the plaintiff from having ingress and egress to and from his said premises to the public streets of the city of Manitowoc, and wholly deprives him of the use of said Lake street, thereby excluding him from the public streets of Manitowoc, and greatly diminishing the value of plaintiff's said premises.

"*Sixth.* That in the year 1900, while the said plaintiff, *William Rahr,* was mayor of the city of Manitowoc, the city attempted to compel the defendant, *Anna Wittmann,* the owner of said lot 1, to remove the obstructions from the space described on said plat as Lake street, claiming the same to be a public street; that in an action between the city of Manitowoc and the defendant, *Anna Wittmann,* it was adjudged that the city had never acquired an easement in said property as a public street, and that Lake street on the east side of block 320 was never opened or improved or accepted by the city or village as such, and never used by the public as such.

"*Seventh.* That after the passage of chapter 361, Private and Local Laws for the year 1856, the said Solomon map was recorded in the office of the register of deeds for the county of Manitowoc, and the plat of the village of Manitowoc on file in the office of the register of deeds at the time of the conveyance of the property included in block 320 by Samuel L. Hinkley, and the said Solomon map aforesaid, recorded in the office of the register of deeds, have been adopted by the owners of lots in block 320, and said plats have been referred to in all the conveyances in relation thereto, and in said conveyances made a part of the descriptions therein.

"*Eighth.* That said plaintiff purchased the east half of

lots 2 and 3, block 320, and instituted this action in good faith."

And as conclusions of law:

"1. That judgment in the case of Anna Wittmann v. City of Manitowoc, pleaded in the answer herein, is no bar to the plaintiff's right to prosecute and maintain this action.

"2. That the placing of fences across, along, and within said Lake street, on the east side of block 320, by the defendant and the owners of other lots in block 320, abutting on Lake street, is an illegal obstruction and nuisance.

"3. That the plaintiff is entitled to the free and unobstructed use of Lake street, in going to and from his said property to the main streets of the city of Manitowoc, and to improve Lake street for that purpose.

"4. That the plaintiff is entitled to judgment herein commanding and ordering the defendant to remove her said fences from Lake street and from every part thereof, and to a perpetual injunction restraining and enjoining the defendant, her heirs, executors, assigns, and agents, from further obstructing or creating a nuisance within said Lake street, and from interfering with or hindering said plaintiff in the free and full use thereof."

Judgment was entered for the plaintiff enjoining the defendant as prayed and ordering her to abate the obstructions placed and maintained by her. From such judgment defendant appealed.

*Isaac Craite,* for the appellant.

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *J. L. O'Connor.*

KERWIN, J. Upon the findings of the court below, which are supported by the evidence, we see no escape from the conclusion that the judgment must be affirmed. The only question to be considered here is whether the several judgments pleaded in the answer constitute a bar. These judgments went upon the fact found that Lake street, so called, was not a public street, and that plaintiff's connection with these ac-

tions was in his official capacity as mayor of the city of Manitowoc. The private or individual interest which plaintiff asserts is the basis of the present action was not in issue or at all involved in the former actions and judgments set up in the answer. The contention is fairly stated by respondent's counsel thus:

"Is a former adjudication against the mayor of a city, involving a controversy as to a public right, a bar to a subsequent action by the same party as an individual, seeking to enforce a private right?"

As said by the learned trial judge below:

"The plaintiff does not base his claim upon any right in the public. He does not ask relief upon the ground that the public has a right to have the place opened as a street, or that he, as a member of the public, has sustained special injury because a public easement has been interfered with to his special injury. The right which he claims to enforce is a private right of property which he derives by grant, and subject to which the defendant holds her property."

The findings heretofore set out show the facts upon which the plaintiff's claim rests and the right of plaintiff to recover as distinct from the right of the public. The question involved in the actions pleaded in bar was whether a public street existed, and such question is not controlling in the instant case. The issue here is one of estoppel against the defendant from denying the existence of the street adjoining the lots as shown upon the plat. *McFarland v. Lindekugel,* 107 Wis. 474, 83 N. W. 757; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969.

The right upon which plaintiff's case rests is in the nature of an easement attached to the title of each lot and subject to which successive grantees take. What are the necessary elements to constitute a good defense by way of former adjudication are well stated in *Bigelow v. Winsor,* 1 Gray, 299, 302, and *Lyon v. Perin & G. Mfg. Co.* 125 U. S. 698, 8 Sup. Ct.

1024.   They are stated thus: (1) Identity in the thing sued for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality in the persons for or against whom the claim is made.   It is clear that the plaintiff is not bound by the former actions pleaded.   *Howitt v. Blodgett,* 61 Wis. 376, 21 N. W. 292; *Goodwin v. Snyder,* 75 Wis. 450, 44 N. W. 746; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1; *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551.   The appellant seems to be laboring under the impression that the plaintiff is bound as a privy, or as a member of the public, where the former suit was brought on behalf of the public and the issues involved were of general interest to all the people.   The doctrine has no application to the present action.   The rights litigated in the present suit are not the rights of the public in a public street, but the right of the plaintiff in his private capacity. *Shores v. Doherty,* 75 Wis. 616, 44 N. W. 747; *Hughes v. U. S.* 71 U. S. 232; *McFarland v. Lindekugel,* 107 Wis. 474, 83 N. W. 757; *Donohoo v. Murray,* 62 Wis. 100, 22 N. W. 167; *Long v. Wilson,* 119 Iowa, 267, 93 N. W. 282; *Loftis v. Marshall,* 134 Cal. 394, 396, 66 Pac. 571; *State ex rel. Haspes v. Branch,* 134 Mo. 592, 36 S. W. 226; *Fuller v. Metropolitan L. Ins. Co.* 68 Conn. 55, 35 Atl. 766; *First Nat. Bank v. Shuler,* 153 N. Y. 163, 47 N. E. 262.

It follows that the judgment of the court below is right and must be affirmed.

*By the Court.*—Judgment affirmed.

The following opinion was filed November 14, 1911:

WINSLOW, C. J. (*concurring*).   It is undoubtedly true that where the fourfold identity exists between two actions, viz.: identity (1) in the thing sued for, (2) of the cause of action, (3) of the persons and parties to the action, and (4) of quality in the persons for or against whom the claim is made, the

judgment in the former action is *res adjudicata* in the second. None will deny this. To say that the fourfold identity is "necessary" is misleading and plainly not the intention of the decision in this case, as is evidenced by the citation of the cases of *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1, and *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551.

This court has very fully considered and settled the principles governing the defense of former adjudication in a series of cases, including the *Wentworth* and *Rowell Cases,* as well as the cases of *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589, and *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599. There was no intent to depart from those cases here. The principle held in those cases, and which I understand to be applied here, is that if the four identities exist, the prior judgment is conclusive not only as to every question actually presented and decided in the former action, but also as to every point within the issues which might have been presented and decided; and if the identity of subject of action, or cause of action, or both, be lacking, still the prior adjudication is binding between the same parties or their privies, suing or defending in the same right, upon questions actually litigated and decided in the former action, but no further. In the former adjudication pleaded in this case the cause of action was not the same, the plaintiff was not suing in the same right, and the question at issue here was neither within the issues nor actually presented and decided. Hence the former adjudication is not a bar.

MARSHALL, J. I concur in the opinion by Mr. Chief Justice WINSLOW.