Estate of Ryan: Merton, Respondent, vs. Puffer, Executor, Appellant.

*May 22—June 17, 1914.*

*Judgment:* Res judicata: *Partnership: Contribution based on illegal act: Attorneys at law: Settlement of partnership affairs: Witnesses: Competency: Transaction with person since deceased: Executors and administrators: Claims: Time for presentation.*

1. To render the judgment in one case *res judicata* as to the rights of the parties in another case upon a different cause of action, it must appear that the questions were actually litigated and decided in the former case.
2. The principle that there can be no contribution between wrongdoers does not apply as between partners unless the partnership is an illegal partnership or unless the act relied on as the basis of the claim for contribution was not only illegal but the illegality such that it must or ought to have been known to the partner seeking contribution when the act was committed.
3. Thus, where a firm of attorneys, acting honestly and in good faith though under a mistaken conception of the law, devised and carried out a settlement agreement between the parties to a will contest, whereby the estate was distributed otherwise than as provided in the will and the attorneys received certain sums for their services, but on appeal from a judgment giving effect to such agreement it was held that it was invalid and repayment of the sums received by the attorneys was adjudged, one of said attorneys who, after dissolution of the firm, repaid the entire amount was entitled to contribution from his former partners.
4. Where one partner in a firm of attorneys was intrusted with the management of its financial affairs and all received their shares of the profits from him, their acceptance without question of the reports or statements submitted from time to time by him to them might constitute settlements; and where, after the firm had dissolved, one of its former members (not such manager) died, the testimony of a survivor that there had been a settlement of the partnership affairs did not necessarily relate to a personal transaction with such decedent.
5. Where a right to contribution from the estate of a decedent did not accrue until payment of a judgment, which was after the expiration of the time limited for presentation of claims against the estate, such claim might, under sec. 3860, Stats., be presented at any time within one year after it so accrued.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is a claim for contribution brought by one partner against the estate of his deceased copartner. The essential facts were not disputed. Ryan, *Merton,* and Newbury were lawyers at Waukesha, and acted as attorneys for certain contestants in the matter of the will of the late John A. Rice, Mr. Ryan being actively in charge of the litigation. That gentleman devised and carried out an agreement by which the contest was settled, the will admitted to probate, and the estate distributed between all parties interested in a manner quite different from that provided by the will, and by which also the said firm was to receive $7,500 for their services in the whole litigation. This agreement was given effect by both the county and circuit courts of Waukesha county, and $5,000 was paid to the firm in August, 1907, and $2,500 in December, 1908, each payment being distributed to the three partners in shares according to their rights in the partnership business. The firm was dissolved April 1, 1910, and a new partner, Mr. Jacobson, was taken in. Mr. Ryan died July 13, 1911. The Rice estate litigation came by appeal to this court and was decided October 12, 1912 (*Will of Rice: Cowie v. Strohmeyer,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778), and it was held that the settlement agreement was invalid and that the sums received by the firm of Ryan, Merton & Newbury under the agreement must be paid back to the trustee of the estate. This decision was followed by a judgment of the circuit court for Waukesha county, December 16, 1912, in accordance with its terms, and subsequently *Mr. Merton,* the claimant, paid to the trustee the sum of $7,627.06, of which one half, *i. e.* $3,813.53, was Mr. Ryan's share. On December 23d following *Mr. Merton* presented his claim for the last named sum against the estate of Mr. Ryan, although the time limited for presentation of claims against that estate had expired January 25,

1912. The claim was allowed in the county court and on appeal by the circuit court, and the executor appeals from such allowance.

For the appellant the cause was submitted on the briefs of *Daniel H. Grady.*

*George D. Van Dyke* and *M. A. Jacobson,* for the respondent.

WINSLOW, C. J.    The appellant claims that the judgment should be reversed because (1) the judgment in the case of *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778, is *res adjudicata;* (2) the parties were wrongdoers between whom there can be no contribution; (3) there was no competent proof of the settlement of the partnership affairs of Ryan, Merton & Newbury; (4) the claim was barred because not filed within the time limited for general creditors to present claims against the estate.

1. The claim that the decision in the *Rice Will Case* is *res adjudicata* as to the rights of the firm as between themselves is plainly untenable.    No issue of this kind was raised or tried in that case, and when it is claimed that the judgment in one case determines the rights of the parties in another case *upon a different cause of action* it must appear that the questions were actually litigated and decided in the former case.    *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1; *Rahr v. Wittmann,* 147 Wis. 195, 132 N. W. 1107.

2. The principle that there can be no contribution between wrongdoers is very familiar and is frequently applied.    As between partners, however, the rule is subject to this important modification, viz.: that a claim for contribution will not be rejected unless the partnership is an illegal partnership or unless the act relied on as the basis of the claim was not only illegal, but the illegality such that it must or ought to have been known to the partner seeking contribution to have been illegal when it was committed.    1 Lindley, Partn. (2d

Am. ed.) 378; Story, Partn. (7th ed.) § 220; Shumaker, Partn. pp. 249, 250.

In the present case, although this court held the settlement contract invalid because the terms of a will could not thus be set aside, it did not hold that the firm of Ryan, Merton & Newbury were conscious wrongdoers. They were acting honestly and in good faith, but under a mistaken conception of the law, and hence the right of contribution exists.

3. The proof of settlement of the partnership affairs was scanty but sufficient. *Mr. Merton* was allowed (against objection for incompetency) to answer the direct question whether a settlement of the partnership affairs had been made  It is said that he was not competent to answer the question because his answer involved a personal transaction with a deceased person. This does not necessarily follow. It appears by other testimony in the case that Mr. Newbury was the bookkeeper and cashier of the firm; that he paid the bills and distributed the moneys received between the partners apparently with frequency. Evidently the partners intrusted the financial matters of the firm to his management implicitly and received their shares from him as the business went along. There may easily have been settlements from time to time resulting simply from the acceptance by the partners without question of reports or statements submitted to them by Mr. Newbury. If it was desired to preserve the objection, counsel should have applied for leave to ask the witness whether the settlement was made personally with Mr. Ryan.

4. It is true that sec. 3844, Stats., provides that every claim against an estate not presented for allowance within the time fixed by the order limiting the time for the presentation of claims shall be barred, but sec. 3860 also provides that if a claim shall accrue or become absolute at any time after the expiration of the limited time it may be presented and proved at any time within one year after it accrues or

becomes absolute. *Mr. Merton's* claim plainly comes within this class. He had no claim until he had paid the judgment in the *Rice Will Case,* and this was long after the expiration of the time limited.

*By the Court.*—Judgment affirmed.